# Josiah W. Gibbs and Co. *against* George Alberti.

Court will not presume any thing against the proceedings of a justice of the peace.

A defendant being a freeholder, and craving stay of execution after judgment, aids an error in the service of the summons. *Semb.*

CERTIORARI to the administrators of Michael Hillegas, esq. deceased, late one of the aldermen of the city of Philadelphia. Diminution of the record was alledged in September term 1805.

It appeared by the record returned, that a summons issued against the defendant, dated 28th July 1804, to appear before alderman Hillegas, to answer the plaintiffs in a plea of debt not exceeding $100, to which the constable returned, " Summons " served. Left at the house of defendant with a servant. 30th " July." Judgment was given by default, on the 2d August 1804, and being a freeholder, he afterwards obtained a stay of execution for nine months, the demand exceeding $60, under the 9th section of the one hundred dollars act, which became a law on the 28th March 1804. 5 St. Laws 390.

Mr. S. Levy, for the defendant urged, that the precept had not issued in the name of the commonwealth : but on inspection of the summons, this objection appeared to be unfounded. It was served on the 30th July, to appear on the 2d August, which was not at least four days before the time of hearing, according to the 2d section of the act. It directs, that it shall issue to appear on a certain day therein to be expressed, not more than eight, nor less than five days after the date of the summons, and the service thereof, must be at least four days before the time of hearing. In Pinchin *v.* Fry, a justice's summons for a debt under 40l. to answer on the day succeeding the date, was held *bad, and the judgment was reversed, though the debt had been settled by reference. 1 Dall. 405.     [*374

Mr. Du Ponceau, for the plaintiffs answered : that the 13th section of the law under consideration, has expressly declared, that the proceedings of a justice of peace shall not be reversed on *certiorari* for want of formality, if the precept has issued in the name of the commonwealth, and that judgment was rendered on the proper day, provided the proceedings are intelligible. A defect in process is aided by appearance. 1 Vent. 220. And one shall not assign for error, what he might have pleaded in abatement. He is estopped by his own act. Carth. 124. The defendant here is estopped by requiring a nine months stay of execution as a freeholder ; and this is tantamount to an appearance, on the day required by the summons.

Mr. M. Levy replied on the part of the plaintiff. It could not possibly be intended by the legislature, that a man should be deprived of a fair hearing, under legal notice, and be remedi-

[Gibbs & Co. *v.* Alberti.]

less in a superior court. With equal propriety might it be insisted, that what the justice does, shall be conclusive, though the summons was wholly omitted to be served ; for it is not mentioned as what ought to appear, by the general expressions of the 13th section relied on by the adverse counsel.

This court will proceed as upon a writ of error. The summons should appear to be served four days before the day of appearance. The constable returns it served, but further states, the manner and time of service ; and it clearly appears by the indorsement on the summons, that it was not legally served. The error is visible on the record itself, without the aid of presumption. An appearance will cure error in mesne process, in a court of general jurisdiction ; but it cannot be shewn to have this effect in inferior jurisdictions. The appearance here was after final judgment, which salves no defects of mesne process. If he had not applied for the nine months, an execution would have issued against him at once. He was justifiable in so doing, and in taking out the *certiorari* immediately.

TILGHMAN, C. J. I will not presume any thing against the proceedings, or that the summons was served irregularly, in order to set aside the judgment. The words " 30th July," may possibly refer to the day of the return. The defendant comes before the court in a most unfavourable point of view, to obtain relief, after having already obtained a stay of execution for nine months. If the summons had not been regularly served, he might have appeared notwithstanding, and objected to the service, *which the alderman would have allowed ; and the plaint-

*375] iffs would then have proceeded against him by new process.

BRACKENRIDGE, J. I think the prayer of the nine months respite before the alderman, is equivalent to an appearance on the day required by the summons, and pleading to the demand.

YEATES, J. Though I am not disposed to form presumptions against the proceedings of a justice of the peace, I cannot overlook errors. If the 30th July refers to the day of hearing, then there would be but two days between the date of the summons and its return ; if to the time of service, it was not served in due time ; so that the summons or service would be erroneous. Admitting that the defendant comes before the court with an ill grace, after obtaining a respite of nine months, could he obtain redress in any other mode than what he has chosen ? Against the alderman he could have no remedy, because he was dead, and the *certiorari* was directed to his administrators. If a suit was brought against the constable, he would be told that he had made a special return, agreeably to the truth of the fact. But I submit to the opinion of the majority of the court.

Judgment affirmed.

Explained in 12 S. & R. 416 where it was decided that entering security to obtain a stay of execution, is no waiver of the right to a writ of error.

[Skinner, in Error, *v.* Robeson.]

Cited in 10 Watts 103 to shew that it is the settled rule of the Supreme Court to entertain no presumption, in any case of apparent jurisdiction, against the accuracy of a justice's proceedings.

Cited in 97 Pa. 440 in support of the decision that a person who has become bound by recognizance for stay of execution, in a judgment against husband and wife, cannot, after the stay has fully expired, relieve himself from liability, by shewing that the judgment has been improperly taken against the wife.