## BUCKMYER *against* DUBS.

### IN ERROR.

1812.

*Lancaster,*
*Monday,*
May 25.

THIS was a writ of error to the Common Pleas of *Dau-phin* county. In that court it was a proceeding by *certiorari* to a justice of the peace, to remove the record in a case in which *Dubs* was plaintiff and *Buckmyer* defendant.

Upon a certiorari to a justice of the peace, this Court may inquire into the evidence given before him; but no parol evidence can be heard upon a writ of error to the Common Pleas to remove a judgment there rendered upon a certiorari to a justice.

By the record it appeared that a summons was issued by the magistrate on the 4th of *September* 1804, returnable the 11th, to answer *Dubs* of a plea of demand for service rendered to *Buckmyer* by the plaintiff's son, under 100 dollars. The entry of the subsequent proceedings was thus—" 5th " September, summons returned. Parties appear. Defendant "refuses to leave it to men, and after having examined into " the cause, judgment against defendant for 50 dollars." In the margin of the entry " Evidence. *Henry Sneevely, Frederick Heefinger*, sworn."

A justice may give judgment before the return day of his process, if the parties voluntarily appear, and proceed to the hearing.

The errors assigned were 1. That the justice gave judgment without any legal proof to warrant him. 2. That the judgment had no date. 3. That if dated, it was given on a day and at a time, when the justice had no authority to give it. 4. That no cause of action appeared on the record.

A justice must set forth the date of his judgment; but if the day of appearance is mentioned, and then the judgment is set forth without day, this court will presume that it was rendered on the appearance day.

*Elder* in support of the first exception, after citing *Sharpe* v. *Thatcher* (a), and *Vansciver* v. *Bolton* (b), offered the depositions of *Sneevely* and *Heefinger*, taken since the decision in the Common Pleas, to shew what passed before the magistrate.

*Laird* for the defendant in error, objected to the evidence, and urged that the transcript of the record shewed that witnesses had been sworn and the cause examined. The decision must be presumed to have been well founded in fact.

TILGHMAN C. J. This is a writ of error to the Court of Common Pleas. We are to decide on the record, and can

(a) 2 *Dall.* 77.          (b) 2 *Dall.* 114.

hear nothing out of it. The cases cited from *Dallas's* Reports, do not go the length that is now contended for. They only shew that this court, having issued a *certiorari*, has, to prevent injustice, made inquiry into the evidence given before the magistrate. This was going full as far, in my opinion, as any principle of law will warrant; and I think it would be inconvenient and illegal to go further. We have never received parol evidence upon a writ of error to the Common Pleas. I am therefore against receiving the evidence now offered.

YEATES J. I am of the same opinion.

The depositions were accordingly rejected. *Elder* then proceeded to the second exception. The judgment should bear a date, because, without it, neither the stay of execution, nor the time for entering an appeal, can be ascertained. Besides, a justice's judgment is within the second section of the statute of frauds. 1 *Smith's Laws* 390. 3. The justice must strictly pursue his power. He could not, until specially authorised by statute, give judgment by warrant of attorney, but must have proceeded by capias or summons. *Alberty* v. *Dawson* (a). Neither can he give judgment before the day prescribed by the warrant. Consent cannot give jurisdiction. If any date can be assigned to the judgment, it is the 5th of *September*. The 4th exception was not pressed.

*Laird* for the defendant in error, answered to the second exception, that the judgment was evidently rendered on the fifth, that date being annexed to the appearance, and then without any interval of time, the trial and judgment. 3. The justice had authority to give judgment then, by the consent of the parties. The warrant and the demand gave him jurisdiction, which is all that concerns the public; the appearance of the parties justified his giving judgment immediately, that being a matter which concerned them alone. 4. The cause of action was services rendered by the plaintiff through his son, to the defendant.

(a) 1 *Binn.* 105.

TILGHMAN C. J. The plaintiff in error has taken four exceptions to the judgment of a justice of the peace, which was affirmed by the Court of Common Pleas of *Dauphin* county, having been removed to that court by *certiorari*. 1. That the judgment was given without any legal evidence to support it. 2. That it has no date. 3. That if it has a date, it was of a day when the justice had no authority to give judgment. 4. That no cause of action appears in the proceedings returned by the justice to the Court of Common Pleas.

1. It is not necessary that a justice of the peace should enter on his docket the evidence on which his judgment is founded. It is not required by any law, and would increase the costs of suit for no useful purpose. But there is no reason to suppose that the judgment in this case was given without legal proof. The parties appeared, witnesses were produced, and the cause was heard, or to use the expression of the justice, the cause was *examined*. The defendant might have appealed from the judgment if he had thought proper. Not having done so, we ought not to exercise too much ingenuity in creating presumptions which do not fairly arise from the record. I am of opinion that we should not be warranted in saying that this judgment was given without legal evidence.

2. It seems to me that the date of the judgment sufficiently appears. The summons was issued *September* 4th, returnable *September* 11th. It is set forth in the justice's docket, that the summons was returned by the constable on the 5th of *September*, and immediately after it is added, that the parties appeared, the defendant refused to submit the cause to arbitration, and the justice having examined it, gave judgment for the plaintiff for fifty dollars. In fair construction, I must suppose, that all these proceedings took place on the 5th of *September*, because that day and no other day is mentioned. The entry taken altogether, will very well bear this meaning; and we ought so to understand it, because it was the duty of the justice to mention the date of his judgment.

3. Taking it for granted then, that judgment was given on the 5th of *September*, I will consider the 3d exception, which is, that the justice had no authority to give judgment on that day, because the summons was not returnable till the 11th

of *September*. He certainly could not have proceeded to judgment without the voluntary appearance of the parties; but as they thought proper to appear and go to the trial, I see no reason why judgment might not be given. The jurisdiction of the justice is derived from an act of assembly. He is not confined to any particular periods; there are no fixed terms for holding his courts. The length of time between the issuing and return of the summons is intended for the benefit of the defendant, and if he thinks proper to waive that benefit, and appear in a shorter time, and the plaintiff consents, no person is injured. The jurisdiction of the justice attaches on the issuing of the summons; the time of appearance and trial was a matter in which the parties were principally concerned, and with their consent the justice might fix it on any day he thought proper, though different from that which he had originally appointed. Consent takes away error.

4. The fourth exception is without foundation. The cause of action is expressly stated in the summons. It is for services rendered by the plaintiff through his son to the defendant. There was no occasion to be more particular.

I am of opinion that the judgment of the Court of Common Pleas should be affirmed.

Yeates J. The settled rule of this court has been on the removal of proceedings before justices of the peace, in cases where their jurisdiction evidently appears on the face of the record, to form no presumption against the accuracy of such proceedings. When the judgment of the justice has been removed into the Court of Common Pleas, and there affirmed, and afterwards brought here by writ of error, the rule holds with much additional strength.

It appears by this record, that a summons was issued by *Jacob Meily* esquire, on the 4th of *September* 1804, for a good cause of action; that it was returned on the next day, and the parties appeared before him; that the defendant refused to submit the controversy to arbitrators, and after examining into the cause, the names of the two witnesses being mentioned in his docket, he rendered judgment for the plaintiff for fifty dollars and costs.

What error is there in this? The justice has undoubted

jurisdiction of a demand under 100 dollars, for services done for the defendant, and had issued his summons, upon the return whereof the parties appeared before him on the same day, (*voluntarily*, as we are bound to presume, in the absence of all proof or even suggestion to the contrary,) and upon hearing the case, gave a decision in favour of the plaintiff for fifty dollars. He is not bound to set out the evidence on which his judgment was grounded; and I can see no reason whatever for reversing the judgment entered in the Court of Common Pleas.

BRACKENRIDGE J. was not present at the argument, being unwell; and gave no opinion.

Judgment affirmed.

1812.

BUCKMYER
v.
DUBS.

