# Fisher *versus* Nyce.

1. In certiorari to a justice, if from the whole facts a fair presumption arises that he bonâ fide refused to grant a continuance prayed for, because he believed the party was guilty of laches, or because he believed it merely colorable and for the purpose of vexatious delay, the court will not impute bad motives to him.

2. The court on certiorari to a justice will not hear parol evidence as to the merits of the case, but only of what occurred before him.

January 4th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Certiorari to David Beitler and Samuel P. Jones, aldermen of *Philadelphia*, No. 18, to July Term 1868, issued at the instance of William Nyce.

The record of the aldermen showed that on the 4th of April 1867, proof was made before them that, on the 1st of April 1867, Charles Delaney leased certain premises on Beach street, Philadelphia, to William Nyce, for one year, at $800 rent; that Nyce, by virtue of the lease, entered into possession; that Delaney on the 24th of July 1866 conveyed the premises to George W. Fisher in fee; that Nyce held possession during the term, and was still in possession; that Fisher on the 13th of December 1866 required Nyce to remove at the end of his term, which he refused; that a jury, summoned by the sheriff, met on the 8th of April 1867, and Nyce appeared before the aldermen and jury, and upon due proof of the lease, entry of Nyce, notice to quit, &c., judgment was rendered against Nyce, with $20 damages and $45 costs.

Nyce removed the case by certiorari into the Supreme Court, and specified the following errors, viz. :

1. Because the decision was against the facts.

2. Because the aldermen refused a continuance, which the defendant applied for, so that he could produce a material witness to disprove the evidence of the only witness for plaintiff, who fixed the time of the commencement of the tenancy. The defendant being surprised by the said evidence.

3. Because the aldermen refused to give the defendant a space of thirty minutes in which to produce a material witness to dis-

[Fisher *v.* Nyce.]

prove the evidence of the only witness for plaintiff, who fixed the time of the commencement of the tenancy. The defendant being surprised by the said evidence.

In support of the assignment of errors, the plaintiff in error took the depositions of D. P. Brown, Jr., and Israel P. H. Wilmerton.

Mr. Brown testified that he was present at the hearing, representing John Cooker, who was a tenant under Nyce of part of the premises. At the hearing Delaney, as a witness for the plaintiff, stated the lease had been altered as to its commencement and termination to the 1st of April, or to some date to suit the tenancy of Cooker. This statement took the defendant and his counsel by surprise. Mr. Vail, the counsel with defendant, stated that he had expected to prove by Delaney that the lease commenced on the 1st of January to suit Cooker's lease; the witness did not seem to be perfectly certain but came to the conclusion that the facts were as he had stated them. Mr. Vail asked for an adjournment, alleging that at another hearing he could establish by one or more witnesses that the tenancy had been from January to January. The aldermen declined to allow an adjournment on account of the additional expense. The defendant then offered to pay the additional expenses; the aldermen still declining, the defendant offered to pay the expenses if the aldermen would grant an adjournment for half an hour. One of the objections to a continuance was that the defendant had not taken out a subpœna for his witnesses.

The testimony of Mr. Wilmerton related to the merits of the case only.

*L. D. Vail* and *R. C. McMurtrie*, for plaintiff in error.—In landlord and tenant cases the court will examine the proceedings before the aldermen narrowly, and for this purpose will receive depositions: Stewart *v.* Martin, 1 Yeates 49; Buckmyer *v.* Dubs, 5 Binn. 29; Sharpe *v.* Thatcher, 2 Dall. 77; Vansciver *v.* Bolton, Id. 114; Westbury Union, 4 Ell. & B. 314.

*J. A. Bonham* and *J. G. Brinckle*, for defendant in error, cited Buckmyer *v.* Dubs, 5 Binn. 29.

The opinion of the court was delivered, January 18th 1869, by
SHARSWOOD, J.—The ground on which we are asked to reverse these proceedings is, that the aldermen refused to grant the defendant a continuance or even a delay of thirty minutes to procure the attendance of a witness to contradict one who was examined before them. The principle on which the courts proceed on certiorari, in cases of this nature, is very well stated by Judge King, in Knight *v.* Parry, 1 Ashmead 221: "If from the

[Fisher *v.* Nyce.]

whole facts a fair presumption arises that the justice bonâ fide refused to grant the continuance prayed for, because he believed the party was guilty of laches, or because he believed it merely colorable, and for the purpose of vexatious delay, the court will not and ought not to be astute to impute bad motives to him." The aldermen in this case might with great reason consider that the defendant had been guilty of laches. He had taken out no subpœna, though he knew that the witness would testify as he desired, and he was within his reach. He alleges that he was taken by surprise by the testimony of the plaintiff's witness ; but what right had he to be surprised ? The question when the lease terminated was material. It was the very gist of the contest. The plaintiff alleged in his complaint that it was on the 1st of April. The defendant could expect nothing else but that he would attempt to prove it. He was bound, therefore, to take measures to have his witness present to disprove it. If he came there in the vain confidence that the plaintiff would not be able to make out his case, he must bear the consequences of his mistake. He had no right to require that the course of justice should stop thirty minutes, or five minutes, to enable him to retrieve his error. We never hear parol evidence as to the merits of the case, but only of what occurred before the aldermen, as was settled in Buckmyer *v.* Dubs, 5 Binn. 29.

Judgment affirmed.