———o———

STATE OF MISSOURI, Respondent, vs. FRANZ SCHLOTTMAN, Appellant.

1. *Practice, criminal—Criminal prosecution—Language, loud and abusive.—* Disturbing the peace of a single individual by loud and abusive language, is not a criminal offense.

*Appeal from the St. Louis Court of Criminal Correction.*

*T. G. C. Davis,* for Appellant.

ADAMS, Judge, delivered the opinion of the court.

This was a prosecution before a justice of the peace for disturbing the peace of the prosecutrix, which resulted in a verdict and judgment against the defendant from which he appealed to the St. Louis Court of Criminal Correction. In that court the defendant filed a motion to dismiss the case upon the alleged ground that the justice had no jurisdiction, and failing further to answer or appear the Court of Criminal Correction affirmed the judgment of the justice and rendered judgment against the defendant and his securities in the appeal bond from which the defendant has appealed to this court.

The following is the complaint upon which the prosecution was founded :

"STATE OF MISSOURI } ss.                 Katy Cahill
COUNTY OF ST. LOUIS } 
being duly sworn says that Frank Schlottman on or about the 12th day of July, 1872, at the County aforesaid, did willfully disturb the peace of this affiant by calling her a whore and that said affiant keeps a whore-house, in a loud and angry manner without any cause or provocation and against the

peace and dignity of the State of Missouri, and that this affiant further saith that the said Frank Schlottman, has not to her knowledge or belief been arrested, held to bail or otherwise dealt with for the said disturbance, and further saith not.

KATY CAHILL."

Sworn and subscribed to before me, this 12th day of July, 1872.                                    PHILIP DOHERTY,
Justice of the Peace

There was no evidence taken before the Court of Criminal Correction and no trial, the judgment of the justice was affirmed as it stood on the papers and transcript, we must therefore assume that the affidavit above set forth contains the offense for which the defendant was convicted.

There is neither assault, battery or affray charged in this complaint nor any other legal offense. The conduct of the defendant in using the language he did and in the manner indicated, was very immoral and reprehensible. It was not however such an offense as is denounced by the law as criminal and which would under our statute subject the offender to a criminal prosecution. He no doubt would be liable to a civil action for slander but I know of no statute rendering such conduct criminal. There is a statute against disturbing the peace of families or neighborhoods but none against disturbing the peace of a single individual by the use merely of loud and abusive language.

Under this view the judgment must be reversed and the prosecution dismissed. The other Judges concur.