# Jones *versus* Raiguel.

1. A person who has become bound by recognisance for stay of execution, in a judgment against husband and wife, cannot, after the stay has fully expired, relieve himself from liability, by showing that the judgment has been improperly taken against the wife.

2. A. sued " B. and C., his wife, in right of said wife, doing business as a *feme sole* trader," for goods furnished C., and recovered judgment against both B. and C. D. entered bail for stay of execution in the usual form. At the expiration of the stay, the judgment being unpaid, A. issued a scire facias sur recognizance against D. D. filed an affidavit of defence, averring that the judgment of A. against B. and C. was absolutely void, and that proceedings were being taken by defendant therein to have it set aside. B. also filed a supplemental affidavit to the same effect, averring in addition the coverture of C. as the reason for the invalidity of the judgment. *Held*, that the averment that the judgment was absolutely void amounted merely to the expression of an opinion, and constituted therefore no defence. *Held*, *further*, that even if the judgment were void as against the wife, it would remain in full force against her husband, and that, therefore, the plaintiff was entitled to judgment.

3. The filing of a copy of a recognizance for stay of execution without a copy of the whole record of the judgment to which it has reference, is sufficient under the law, and rules of court of Schuylkill county, to entitle the plaintiff to judgment, under the Affidavit of Defence Law.

March 17th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Schuylkill county:* Of July Term 1880, No. 66.

This was a scire facias sur recognizance of bail for stay of execution, brought April 14th 1877, by Henry R. Raiguel against Stephen Jones. The plaintiff filed a declaration and a copy of the following recognizance :—

[Jones *v.* Raiguel.]

HENRY R. RAIGUEL,
 *v.*  881, June Term 1876.
JOHN WADLINGER, &c.

8th July 1876, I do hereby acknowledge to owe and be indebted to the plaintiff above named in the sum of eight hundred and eighty dollars ($880), to be levied of my goods and chattels, lands and tenements, conditioned for the payment of the above judgment debt with interest and costs, to obtain a stay of execution for the defendant according to law.

Before me,
THOMAS F. KERNS, Proth'y.   STEPHEN JONES.
   Per GLENN.

The record showed that this recognizance was given in the above mentioned suit of Raiguel *v.* " John Wadlinger and Barbara Wadlinger, his wife, in right of said Barbara, doing business as a feme sole trader." Said suit was brought upon a check given by Barbara Wadlinger and upon a book account, both for goods and merchandise purchased by her from Raiguel, and the declaration charged the said Barbara in her own right. On July 8th 1876, judgment was entered against the said defendants by default for want of an affidavit of defence, and damages assessed for $439.20. On the same day, Stephen Jones entered into the above recognizance.

On July 2d 1877, Stephen Jones filed an affidavit of defence to the sci. fa. on the recognizance, averring " that the said original judgment against John Wadlinger and Barbara Wadlinger, his wife, is absolutely void, and that plaintiffs are not entitled to recover anything in this action, and that proceedings have been started by the defendant in said original judgment to have the same and all proceedings thereunder set aside and stricken from the record.

John Wadlinger also filed a " supplemental affidavit of defence," averring, inter alia, " That deponent and defendant are informed, believe and expect to be able to prove, upon the trial of the above suit, that the judgment entered in the original suit against said Barbara Wadlinger and deponent, and the proceedings ·thereunder and the recognizance sued upon are absolutely void, and that plaintiff is not entitled to recover in this suit. The original suit is for store goods sold to said Barbara Wadlinger, who was a married woman at the time of the purchase and delivery of the same, and at the time suit was brought and judgment rendered against her, and that deponent is not liable for the same. That the said Barbara Wadlinger is a married woman, being married to deponent and living with him as such for about twenty-one years. That said goods were purchased to retail in a dry goods and grocery store,

[Jones *v.* Raiguel.]

and not for necessaries for herself or any of her family, nor for any other purpose which would render her liable in said action against her. That the pleadings do not show that said goods were for necessaries nor for any purpose for which she could be held liable to pay for the same, nor such a state of facts as to give the court jurisdiction over her in said original action."

[The records printed in the paper-book showed the following additional facts : A rule was taken in the original case against Wadlinger and wife, "to show cause why the judgment should not be set aside and stricken from the record, and all proceedings thereunder subsequent to the taking of judgment be stricken from the record." This rule was made absolute as to Barbara Wadlinger, and subsequently, on February 21st 1881, was made absolute as to John Wadlinger to the extent that the judgment was directed to be opened and the defendant John Wadlinger let into a defence.]

A rule to show cause why judgment should not be entered against the defendant, Stephen Jones, for want of a sufficient affidavit of defence, was made absolute by the court, and judgment was entered for plaintiff May 3d 1880, for $539.73. The defendant took this writ of error, assigning for error the entry of said judgment.

*David A. Jones* (with him *Seth W. Geer*), for plaintiff in error.—The judgment against Barbara Wadlinger was absolutely void and has been stricken off the record. The judgment was opened as to John Wadlinger, and if this judgment against the bail be allowed to stand, we may have to pay the amount of our recognizance, while there is no judgment in the original case. This is a clear case of principal and surety, and payment by the surety ought not to be enforced until the liability of the principal be determined : Patterson *v.* Swan, 9 S. & R. 16 ; Morrison *v.* Hartman, 2 Harris 55 ; Corson *v.* McAfee, 8 Wright 288 ; 1 Tr. & H. Prac., sec. 1040. The recognizance is conditioned for the payment of the "judgment debt," but there is no judgment debt due by Barbara Wadlinger, and the judgment has been opened as to John Wadlinger, and the question of its validity as to him has not yet been decided.

*A. W. Schalck* for defendant in error.—The Act of 20th March 1845, sec. 1, Purd. Dig. 635, pl. 8, directs that "the bail in all cases * * * for stay of execution shall be bail absolute * * * in double the amount of the debt or damages, interest and costs recovered, conditioned for the payment thereof, in the event that the defendant fail to pay at the expiration of the stay of execution."

This clearly defines the nature of the contract, which is made by the law, and is virtually a bargain between the surety and the court ; for the plaintiff below is perfectly powerless in the premises.

[Jones *v.* Raiguel.]

Jones's contract was then and there made with the court, and in consideration of the court's granting the Wadlingers a stay of execution, he (Jones) then and there (in the language of the statute), became "bail absolute, to pay the debt, interest and costs if the defendants failed to pay at the expiration of the stay of execution." The stay expired, and the defendants failed to pay as stipulated, and Stephen Jones's liability to pay the debt, interest and costs thereby matured; it became absolute, unqualified and unconditional, and justice and equity require that it should be enforced: Leonard *v.* Duffin, 9 W. N. C. 155.

Mr. Justice MERCUR, delivered the opinion of the court May 2d 1881.

The main question in contention here is this: When a person has become bound by recognizance as bail for stay of execution in a judgment against a husband and his wife, and after the stay has fully expired, can he relieve himself from liability by showing the judgment was improperly taken against the wife?

The equitable demand of the plaintiff in the judgment is unquestioned. The defence which it is now alleged the wife might have successfully made rested on her personal privilege, which she did not interpose. She suffered judgment to be entered against herself and her husband jointly. They were satisfied to let it stand. They voluntarily gave security to obtain the benefit of a stay of execution. The bail voluntarily assumed the liability whereby he delayed the plaintiff for nine months in collecting the judgment. At the expiration of that time his liability became fixed. The terms of his recognizance bound him to pay it. The legal requirements of the statute commanded him to pay it. It has not been reversed or vacated. The naked averment in the affidavit that the judgment is absolutely void, is the expression of an opinion which is wholly insufficient to prevent judgment being entered in this case. No fact is stated showing its invalidity as against the husband. Suppose it should be proved to be void as against the wife by reason of her personal disability, it nevertheless remains in full force against her husband: Unangst *v.* Fitler, 3 Norris 135; Hope *v.* Building Association, not yet reported; Leonard *v.* Duffin, 9 W. N. C. 155. A striking off the judgment against the wife would not impair its validity against her husband.

The probability is the judgment would have been collected long before the nine months expired, if it had not been prevented by the intervention of the plaintiff in error. He now stands in a very unfavorable position to invoke the aid of any equitable principle to relieve him from his legal obligation: Gibbs & Co. *v.* Alberti, 4 Yeates 373; Armstrong's Appeal, 5 W. & S. 352.

The other objection that a copy of the whole record of the judgment should have been filed is without force. This action was on

the recognizance. A copy of it was filed. That is all which the law or rule of court required: Keyser et al. v. Dialogue, 4 W. N. C. 11.

Judgment affirmed.