State ex rel. Sweeney vs. Judge.

No. 9948.

THE STATE OF LOUISIANA EX REL. JAMES SWEENEY VS. N. H.
RIGHTOR, JUDGE OF CIVIL DISTRICT COURT FOR THE PARISH
OF ORLEANS.

The Constitution guarantees to every person the right to seek redress through the courts
for any injury to his person or property, or to enforce any legal demand therein.

So a court is without power to prevent, by an injunction, a person from bringing a suit
before another court of competent jurisdiction, to enforce a right claimed or redress a
grievance.

APPLICATION for Certiorari and Prohibition.

_T. M. Gill_, for the Relator.

_Farrar & Kruttschnitt_, for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a _certiorari_ and prohi-
bition.

The relator complains that the district judge has issued against him,
at the instance of certain parties, an injunction preventing him from
collecting judicially certain wharfage dues from said parties; that he
has moved for the dissolution of said injunction, for reasons assigned,
and next on furnishing bond; but that these motions were denied.

He further complains that he subsequently pleaded to the jurisdic-
tion of the Court, but that his exception was overruled.

He charges, therefore, that the injunction was improperly allowed,
and that the court has exceeded the bounds of its jurisdiction.

In his application before this Court, he prays for a _certiorari_ that the
validity of the proceedings may be ascertained; that the injunction be
annulled and set aside, and that said judge and the parties who ob-
tained the injunction be prohibited from proceeding further with the
case.

Under the proceeding in this Court, which we take to be _mainly_, for
a _certiorari_, and, _subsidiarily_, for a provisional, and eventually, for a
perpetual prohibition—the only questions which can be raised, must
involve, either the jurisdiction of the court _or_ the regularity, in point
of form, of the proceedings before it.

I.

The grounds upon which the relator apparently rests his plea to the
jurisdiction, seem to be:

1st. That the plaintiffs who sought the injunction and obtained it,

State ex rel. Sweeney vs. Judge.

have prayed for no *money* judgment, but have merely asked that the injunction be perpetuated; and

2d. That the Court has only an appellate jurisdiction in certain causes, and no supervisory jurisdiction over inferior courts.

(*a*) It is true that the plaintiffs have not prayed for a money judgment, but the petition which is verified by oath, avers distinctly that, unless the injunction issue, they will sustain injury exceeding $1000.

This allegation was sufficient to vest jurisdiction.

(*b*) Holding, as we do, that the district court could, under the averment of apprehended injury, entertain original jurisdiction, we are at a loss to perceive any force in the second ground alleged.

## II.

The relator has assigned numerous reasons for which he claims the injunction ought to be dissolved; but he has made no attack on the *regularity* of the proceedings. Judging from the extracts annexed to the petition, these appear, on the contrary, to have been, in point of form, properly conducted.

It may be that the judge ought not to have issued the injunction, and having done so, that he ought to have dissolved it; but he was vested with a legal discretion in the matter, the proper exercise of which cannot be drawn in question in a proceeding like the present one.

The relator is not left without adequate remedy. If he be right, he may still convince the judge who, before passing on the merits, may reconsider and recall his previous rulings, if he think proper.

We have no authority to decide that the injunction was wrongfully issued and ought to have been dissolved.

It is, therefore, ordered and decreed that the application for a *certiorari* and prohibition herein be dismissed at relator's costs.

## ON REHEARING.

TODD, J. The rehearing was granted in this case for the purpose of determining a question which was not considered in our former opinion. It is this: Does a district court possess the power to prevent, by an injunction, a litigant from bringing a suit, or filing a complaint before another court of competent jurisdiction?

The relator opposes the assertion or exercise of such power on the authority of Art. 11 of the State Constitution, which reads:

All courts shall be open and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law, and justice administered without denial or reasonable delay."

This article is the same as Art. 10 of the Constitution of 1868. In the case of Bratt vs. Eager, Ellerman & Co., 28 Ann. 262, that article was appealed to against a similar exercise of power by a district court, as presented in the instant case. There, an injunction had been granted to prevent the lessees of the city wharves from suing to recover, in a justice court, the wharf fees or charges against the owner and master of a steamboat. The injunction was dissolved. Wyly, J., the organ of the court, in his opinion uses the following language :

" The right to claim judicially what one believes he is entitled to, and the right to prosecute a suit in court, are rights which can be denied to no one. They are protected by Art. 10 of the Constitution."

And in a previous case, Butchers' Association vs. Cutler, 26 Ann. 500, where an injunction had issued to prevent a party from prosecuting twelve suits before a justice court, the injunction was dissolved, the court stating : "A party cannot be enjoined from prosecuting suits for claims whether well founded or not. On the defense the parties can be heard and their rights adjusted. The intimation that a party fears that he may not obtain justice before the particular judicial officer, or that he should be sued in a court of higher jurisdiction, is no ground for an injunction."

And in the recent case of State ex rel. Hirsch vs. Judge, not yet reported, the present Court held that a district court was powerless to grant a writ of prohibition to stop the proceedings in a suit pending in another court.

Apart from the constitutional question, the manifest reasons for these rulings is in that case the court has jurisdiction of the subject matter of litigation pending before it, or threatened, it is to be presumed that such court will determine the suit as justly and as intelligently as the court that is appealed to judge the matter in advance, and prevent the other court to which the controversy is submitted from trying it at all. And, though complaint should be made that the judge of the inferior court would fail to do justice through some improper or corrupt motive, yet as he is the judge *de facto* and *de jure*, in the full exercise of his judicial functions, his condemnation in this collateral manner, and in a proceeding of this character and to which he is no party, would be wholly without warrant of law. Within the sphere of his jurisdiction the judge of the inferior court complained of is the peer of the judge asked to exert authority over him. If the charge made against the judge, of incompetency, partiality or corruption, is well-founded, the Constitution and laws afford to all litigants aggrieved a convenient remedy, which we need not point out. But, as long as he

remains in office and presides in his court, a litigant has the right to take his case before him, whether just or unjust, if the demand belong to his jurisdiction; and resort can only be had to the prescribed modes of relief from the judge's errors or malfeasance. It is true that authority may be found to support the proposition that a court of equity may in some instances enjoin a party from resorting to a court of law to prosecute his demand; but, upon examination, it will be seen that such an exceptional proceeding is based on the reason that a court of common law cannot, under its restricted or prescribed powers, afford the relief that the party complaining may be entitled to. Under our system such a reason cannot exist, since all our courts possess equally law and equity powers. And, in this instance, the city court from which the relator is sought to be debarred from bringing his suits, within the bounds of its jurisdiction, possesses those joint powers as amply as the district court whose aid and authority is invoked for the purpose stated.

We are satisfied that no authority or precedent can be found warranting one court of equity to enjoin the proceedings in another court of equity, or to restrain a party or suitor from filing his complaint therein.

It is, therefore, ordered, adjudged and decreed that the previous decree of this court in this case be annulled and set aside; and it is now ordered and decreed that the writ of prohibition be and the same is made absolute, and the respondent judge prohibited from proceeding further with the injunction suit referred to, and further, that the proceedings in said suit be and the same are hereby quashed and annulled.

Mr. Justice Poché, being absent when this case was argued on rehearing, takes no part in this decree.