## JIM BROOKS *v.* THE STATE.

DISTURBANCE OF FAMILY OR INDIVIDUAL. *Code* 1880, §§ 2769, 2770.

Both § 2769, code 1880, which prohibits the "wilful disturbance of a family or person by . . . tumultuous or offensive conduct," and § 2770, which prohibits the use of "abusive, profane, vulgar and indecent language" at or near the dwelling or premises of another and in the presence or hearing of the family of the occupant or of any member thereof, are intended to protect the peace of *families*, whether composed of one or more persons, and not of the individual citizen. An affidavit charging a wilful disturbance merely of an individual by such prohibited conduct or language charges no offense under these statutes.

FROM the circuit court of Lee county.

HON. LOCK E. HOUSTON, Judge.

The appellant was arraigned before a justice of the peace upon an affidavit which charged that he "did wilfully disturb the peace of Morman Harris by offensive conduct, to wit, by saying to the said Morman Harris 'that if he did not dry up he would slap hell out of him,' and that 'if he, the said Harris, got up out of that chair he, the said Brooks, would kill him,' then and there, all done in a threatening and angry manner, etc."

The defendant moved to quash the affidavit because it charged no offense under the statute. The motion was overruled and the defendant, after being convicted, appealed to the circuit court. The same motion was there interposed and overruled, and the defendant was again convicted and appeals to this court. The error assigned is the overruling of the motion to quash.

The sections of the code of 1880 involved in the consideration of the case are as follows : "§ 2769. Any person who wilfully disturbs the peace of a family or person by an explosion of gunpowder or other explosive substance, or by loud or unusual noise, or by any tumultuous or offensive conduct, shall be punished, etc." "§ 2770. Any person who enters the dwelling-house of another, or the yard or curtilage thereof, or upon the public highway or any other place, near such premises and in the presence or hearing of the family of the possessor or occupant thereof, or of any mem-

ber thereof, or of any female, makes use of abusive, profane, vulgar or indecent language, or is guilty of any indecent exposure of his person at such place, shall be punished, etc."

*Clayton & Anderson*, for appellant.

The words "or by any tumultuous or offensive conduct" does not include any and everything that in the ordinary acceptance of the term disturbs the peace of another. The conduct must be of a like kind with those things enumerated. While it would disturb the peace of a man for one to curse him or call him a liar, or otherwise abuse him, this would not be indictable under § 2769 of the code, which is aimed at another evil, *i. e.*, the disturbance of a family by the kind of conduct there stated. 1 Bish. Cr. Law, § 275.

*T. M. Miller*, attorney-general, for the state.

The authorities relied on by appellant are not in point, for the purpose of this statute was to secure to all persons the enjoyment of peace and quiet and to protect them from ruffianly conduct.

This is not the case of a statute with general words, such as "otherwise," "all others," etc., but one in which several distinct substantive things are declared offenses. For instance, tumultuous conduct is an offense if it has the effect to disturb the peace of another, and so is any offensive conduct. Conduct may be offensive and disturb one's peace, whether it consist in actions or words.

The object of the court should be not to defeat but to ascertain and carry out the legislative intent. Bish. Stat. Cr., §§ 145, 146. Since the provision of the former code, making actionable words indictable if tending to a breach of the peace, no longer exists, § 2769 of the code of 1880 may well take its place.

WOODS, C. J., delivered the opinion of the court.

The reasonable construction of sections 2769 and 2770 of the revised code of 1880, will demonstrate the error of the trial court in refusing to quash the affidavit on which this prosecution was based. It is obvious that these two sections were designed to prevent the disturbance of the peace of families, whether consisting of one or more persons. Section 2769 was intended to protect the

family from the ruffianism of what is denominated therein *tumultuous or offensive* conduct, and section 2770 was intended to protect the family from the rowdyism which is denominated therein *indecent and profane language,* etc.   Two offenses against the peace of families are created, viz., that which consists of *offensive conduct,* and, then, that which consists of *offensive language.*   By section 2770 the use of the prohibited *language* is made criminal.   By section 2769 the prohibited *conduct* is denounced.

It would require a violent stretch of interpretation to hold that the legislature intended, by these two sections, to flood the courts with trifling and vexatious prosecutions for every merely offensive word spoken, even privately to the individual citizen.

The offense charged in this affidavit was not alleged to have been with a view to disturb the peace of a family, nor any single person constituting a family, nor is it alleged that there was any *offensive conduct* as distinguished from merely *offensive language.*

Moreover, and apart from the sections themselves, the fact that the revised code of 1880 omits the provision of the code of 1871, which declared actionable words indictable, is of itself strongly persuasive that the law-making power designed to cut off this source of much vain and annoying criminal prosecution.

*Reversed and remanded.*