## NEWPORT.

STATE *vs.* BOARD OF ALDERMEN OF THE CITY OF NEWPORT.

On *certiorari* parol evidence is inadmissible except in relation to facts on which the exercise of jurisdiction by the inferior court, board or officer depends.

The rule that if an inferior court has jurisdiction every intendment is to be made to support its judgment, applies equally to statutory tribunals ; and on *certiorari* to review the proceedings of commissioners, boards or other officers, the presumptions are all in favor of their rightful action, and of their proceeding in a manner authorized by law.

The Board of Aldermen of the City of Newport had jurisdiction under the Judiciary Act, cap. 7, § 7, to make a list of all such persons inhabiting the city of Newport as they should think well qualified to serve as jurors, &c. The board made up and adopted a jury list August 1, 1893. The record of the proceedings was as follows : " A list submitted by the committee, appointed to prepare and submit the same, of persons qualified to serve as jurors in accordance with section 7 of the Judiciary Act, is made out and adopted." A petition for a writ of *certiorari* to review such action of the board set forth a copy of the record thereof, and also the manner in which, it was alleged, the jury list had been prepared and adopted, averring that such list had been prepared by a committee who had adopted, with some changes, a former list made up under statutes in force prior to the passage of the Judiciary Act, but that the list prepared by the committee was in fact adopted by the board without ever having been read to or examined by it or by the individual members thereof other than the committee.

On motion for a citation,

*Held,* that the action of the Board of Aldermen must be sustained, and a motion for a citation denied.

CERTIORARI. On motion for a citation.

The petition which was preferred by the Attorney General, alleges that the Board of Aldermen of the city of Newport on the 1st of August, 1893, in the pretended discharge of the duty imposed upon them by the Judiciary Act, cap. 7, § 7, adopted as a list of persons inhabiting said city who were qualified to serve as jurors, a list of persons which was not in fact a list of persons whom said board thought well qualified to serve as jurors, and who, in the judgment of said board, were persons having the qualifications required by said act, but was in fact a list of persons prepared by two members of the board as a committee appointed for that purpose ; that the committee, in making up said list, adopted a list of

persons qualified to serve as jurors under statutes in force prior to the passage of the Judiciary Act, made up and adopted by the board when such statutes were in force, but striking out the names of certain persons who had become disqualified by the change in the law, and such others as said committee saw fit to omit; that said lists were not at any time or place read to the board nor examined by it or the members thereof (other than the committee), and that said board did not either as a board or as individuals (except said committee) at any time or place exercise its or their judgment upon said jury lists. The petition prayed for a citation to the Board of Aldermen and the members thereof, to show cause why a writ of *certiorari* should not issue.

*Providence, October* 12, 1893. PER CURIAM. The petitioner has not satisfied us that a case is made in the petition, sufficient to entitle him to a citation.

*Certiorari* lies to review the proceedings of an inferior court, or of boards, commissioners or officers acting in a judicial character. It operates directly on the record, and, hence, parol evidence is inadmissible except in relation to facts on which the exercise of jurisdiction by the inferior court, board or officer depends. *Dexter* v. *Town Council of Cumberland,* 17 R. I. 222; *Lonsdale Co.* v. *License Commissioners, ante,* p. 5.

In the present instance, it is conceded that the Board of Aldermen of Newport had jurisdiction, under cap. 7, § 7, of the Judiciary Act, to make a list of all such persons inhabiting the city of Newport as they should think well qualified to serve as jurors, &c. The rule is well established that if an inferior court has jurisdiction, every intendment is to be made to support its judgment. *Roe* v. *San Francisco Superior Court,* 60 Cal. 93; *Buckmyer* v. *Dubbs,* 5 Binn. 29; *Gibbs* v. *Alberti,* 4 Yeates, 373; *Stafford* v. *Williams,* 4 Den. (N. Y.) 182; *Hatch* v. *Christmas,* 68 Mich. 84; *State* v. *Kempf,* 69 Wisc. 470; *State* v. *Rightor,* 39 La. Ann. 619. The principle applies equally to statutory tribunals as to courts, and on *certiorari* to review the proceedings of commissioners, boards or other officers, the pre-

sumptions are all in favor of their rightful action, and of their proceeding in a manner authorized by law. *State* v. *Manitowoc County Clerk*, 59 Wisc. 15; *People* v. *Hadley*, 76 N. Y. 337, 341; 2 Spelling Extraordinary Relief, § 2030.

Tested by these principles, we are of the opinion that the action of the Board of Aldermen of Newport in the making of the jury list, as set out in the copies of the records of their proceedings annexed to the petition, must be sustained for the purpose of the present inquiry.

The vote of July 6, 1893, directed that a committee of two be appointed to prepare a jury list as required by the new judiciary act, &c. The record of August 1, 1893, is, "A list submitted by the committee, appointed to prepare and submit the same, of persons qualified to serve as jurors in accordance with Section 7 of chapter 7 of the Judiciary Act, is made out and adopted."

It is not unreasonable to infer that the Board of Aldermen had before them a list of the inhabitants of Newport liable to do jury duty, from which the persons possessing the qualifications required by said section 7 were to be selected, and that before adopting the report of the committee, they, as was their duty, compared the names returned by the committee with the other names on this list and considered the qualifications both of those whose names were returned by the committee and those whose names were not returned; and that, as the result of their consideration, they adopted the names returned by the committee as of the only persons possessing in their judgment the qualifications required by said section 7. If it is not unreasonable to infer that the Board of Aldermen proceeded in this manner, we are bound to presume that they did, since, as we have seen, every intendment is to be made in favor of their action in a manner authorized by law.

Motion for a citation denied.