MILES ET AL VS UNITED STATES.

Opinion rendered June 14, 1907.

(103 S. W. Rep. 598).

1. *Indictment—Breach of Peace.*

> Mansfield's Digest 1899 (Ind. Ter. Ann. St. 1899, 1143), provides for punishment for disturbing the peace and quiet of any "town, village, neighborhood or family" etc. Therefore an indictment which alleges only the disturbance of the peace and quiet of one individual is not sufficient, it not being alleged that the one individual constituted a "family."

2. *What Constitutes a Breach of Peace.*

> The unlawful striking of an individual with a hard substance is not a disturbance of that individual's peace and quiet, but an assault and battery.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice J. T. Dickerson, December 5, 1904.

Cleo Miles and others appeal from a conviction of disturbing the peace. Reversed and remanded.

*J. W. Hocker*, for appellants.

CLAYTON, J. The appellants, Cleo Miles and others, were indicted for "disturbing the peace." The indictment charges that the defendants did "unlawfully, willfully, and maliciously disturb the peace and quiet of Mary McKnight, by then and there, at Purcell, using loud, abusive, obscene and profane language, by threatening to fight, by fighting, by quarreling, contrary to the form of the statute," etc. Motion in arrest of judgment was filed by defendants on the ground that the indictment does not charge an offense known to law. The only offense known to the law of this jurisdiction which can be committed by the acts alleged in the indictment is

defined by section 1800 òf Mansfield's Digest (Ind. Ter. Ann. St. 1899, §1143), which provides as follows: "If any person shall willfully or maliciously disturb, either by day or night, the peace and quiet of any town, village, neighborhood or family, by loud, or unusual noise, or by abusive, violent, obscene, or profane language, or by threatening to fight, quarreling," etc. The indictment alleges that defendants disturbed the peace and quiet of Mary McKnight. The statute requires that it shall be the peace and quiet of a town, village, neighborhood, or family; and as the indictment does not allege that Mary McKnight was a "family," it does not allege the commission of any offense, known to the law, and therefore the motion in arrest of judgment was well taken. As was held by the Supreme Court of Missouri, in State vs Schlottman, 52 Mo. 164: "There is a statute against disturbing the peace of families and neighborhoods, but none against disturbing the peace of a single individual by the use merely of loud and abusive language." Also, by the Supreme Court of Mississippi, in Brooks vs State, 67 Miss. 577, 7 South, 494: "Where the obvious intention of the statute is to prevent the disturbance of the peace of families, an affidavit which charges the disturbance of a single person is insufficient." It has been held, however, that, where a woman occupies a dwelling house alone, she will constitute a "family" within the meaning of such a statute. Noe vs People, 39 Ill. 96. But in the indictment in this case there was no such allegation.

Objection is further made to the charge of the court as follows: "You are instructed that the unlawful striking of a person by any one with a hard substance is a disturbance of that person's peace and quiet." Even conceding that the indictment properly charged the offense of disturbing the peace, this instruction is erroneous, for the reason that the facts stated in the charge amount to an assault and battery, and not to a breach or disturbance of the peace. Besides there

is no allegation in the indictment which would make this proof competent, except that it would tend to characterize their conduct on the occasion in question. The indictment alleges that her peace was disturbed by "loud, abusive, obscene, and profane language," and by "threatening to fight, by fighting, by quarreling." And the throwing of a hard substance was neither the one nor the other, within the meaning of the statute under consideration.

For the reasons stated, the judgment of the court below is reversed and remanded.

TOWNSEND and LAWRENCE, JJ., concur. GILL, C. J., dissents.