## Commonwealth *v.* Kelly, Appellant (No. 2).

*Justice of the peace—Certiorari—Amendment of record—Special Act of May 1, 1861, P. L. 682—Clarion County.*

Where on a certiorari to a conviction before a justice of the peace and jury of six under the Special Act of May 1, 1861, P. L. 682, extended to Clarion County, it appears that in the record of the justice the jurors were described as "being in wise of kin to either defendant or complainant," an amendment may be allowed in the Common Pleas by which the words "being no kin" are substituted for the words "being in wise of kin."

Argued April 9, 1918. Appeal, No. 119, April T., 1918, by defendant, from order of C. P. Clarion Co., Aug. T., 1917, No. 9, dismissing exceptions in proceedings before a justice of the peace under Special Act of May 1, 1861, P. L. 682, in case of Commonwealth v. John Kelly. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Certiorari from a justice of the peace.

In the record of the justice it appeared that the six jurors were described as follows: "good and lawful men, citizens of the Borough of Clarion, and having the qualifications of electors therein and being in wise of kin to either defendant or complainant or in any manner interested."

In the Common Pleas an amendment was allowed by which the words "being no kin" were substituted for the words "being wise of kin."

*Error assigned,* amongst others, was in allowing the amendment.

*Geo. F. Whitmer,* for appellant.

*A. A. Geary,* with him *D. M. Geist,* District Attorney. for appellee.

134, (1918).]          Opinion of the Court.

PER CURIAM, July 10, 1918:

The defendant was convicted before a justice and jury of six, under the Act of May 1, 1861, P. L. 682, entitled "An act to change the mode of criminal proceedings in Erie and Union Counties," which said act was later extended to Clarion County.  The parties appeared before the justice, when the case was continued on the application of the defendant, and later the trial was had, which resulted in the conviction of the defendant.  Certiorari was sued out from the Court of Common Pleas of Clarion County, exceptions were filed and after a hearing, the judgment entered by the justice was affirmed.

When in the Common Pleas the record was amended by inserting the words "being no kin," which in the record of the justice were inadvertently written "being in wise of kin."  This trifling and immaterial change was properly allowed,—the defendant was not in any way injured by it.  The proceeding was regular and we see no reversible error.

The judgment is affirmed, the record is remitted to the court below and it is ordered that the appellant appear at such time as he may be called, and that he be by that court committed until he has fully complied with the sentence or any part of it that has not been performed at the time this appeal became a supersedeas.