## Commonwealth v. Johns

*Orville Brown*, for justice of the peace.
*Edwin K. Logan*, for defendant.

BRAHAM, P. J., February 27, 1948.—This case is before the court upon certiorari to James C. Brice, alderman and ex officio justice of the peace. The exceptions of defendant go in the main to the legality of a sentence imposed upon defendant on Sunday after she had pleaded guilty to a charge of assault and battery.

The transcript of the alderman which has been returned pursuant to our writ can only justly be appraised with the whole of it before us. It is as follows:

"Now August 24th, 1947, the deft. was arrested on information made by the Plaintiff Georgette Boron, R. D. 1, Wampum, Lawr. Co., Penna. Arrest was made by S. W. Ciernik of the Penn. State Police, whom I gave the warrant. Deft. was brought to my office and she was advised that she committed a Breach of Peace, by committing an Assault and Battery on her prosecutor and advised that she would have to post $200.00 bond. This she said she could not do, and asked how she could get the affair settled. I advised the defendant that she could plead guilty, pay fine and costs and go. She advised me that she would plead guilty, which she the deft. did and she was fined $15.00 and costs which she paid.

"Sitting as an alderman in civil jurisdiction I collected $25.00 from the deft. for the payment of the plaintiff's eye glasses, the deft. also paid this.

"At no time was there any hearing held this 24th day of August, 1947, at no time was there any oaths taken from any person.

"Officer S. W. Ciernik of the Penna. State Police, New Castle, Lawr. Co., was present when this took place."

Defendant has excepted seriatim to: the arrest on Sunday; the filing of the information on Sunday; the issuance of the warrant to a State policeman on Sunday; the sentence on Sunday; the acceptance of a plea of guilty on Sunday; the requirement that defendant pay to the alderman as a civil magistrate twenty-five dollars for a pair of glasses and to the charging of costs to A. L. Fair, when in fact S. W. Ciernik, a State policeman, served the warrant.

No evidence was presented upon the appeal. The transcript is presumed to be correct: Gibbs v. Alberti, 4 Yeates 373. This court might have entertained evidence, not as to the merits of the case, but as to what transpired before the alderman: Fisher v. Nyce, 60 Pa. 107. In the absence of evidence the averments of the transcript stand. Thus it may be taken as established that all the events happened on August 24, 1947, because the transcript says so. The court may take judicial notice that August 24, 1947, fell on Sunday: Wilson et al. v. VanLeer et al., 127 Pa. 371, 378. By taking judicial notice of the almanac, Abraham Lincoln won the famous case of State of Illinois v. Duff Armstrong.

Was it lawful to file an information, place a warrant in the hands of an officer and to arrest defendant on Sunday? This requires an examination of the Sunday Law of 1705, 1 Sm. L. 25, sec. 4, 44 PS §1, which provides as follows:

"No person or persons, upon the first day of the week, shall serve or execute, or cause to be served or executed, any writ, precept, warrant, order, judgment or decree, except in case of treason, felony or breach of the peace; but the serving of any such writ, precept, warrant, order, judgment or decree shall be void, to all intents and purposes whatsoever; and the

person or persons so serving or executing the same, shall be as liable to the suit of the party grieved, and to answer damages to him for doing thereof, as if he or they had done the same without any writ, precept, warrant or order, judgment or decree at all."

Obviously under the statute the legality of the proceedings before us up to the time of arrest depends upon whether the offense was a "breach of the peace". The information charged that defendant committed an assault upon one Georgette Boron "by hitting her on the face with heropen face (doubtless fist) causing her glasses to become broken".

There is some conflict in the authorities as to whether a mere assault and battery amounts to a breach of the peace. On the one hand there is the case holding that as far as the immunities of congressmen are concerned the phrase treason, felony and breach of the peace employed in the Federal Constitution embraces all crimes: Williamson v. U. S., 207 U. S. 425, 52 L. Ed. 278. So in Commonwealth v. Wingel et al., 32 D. & C. 75, illegal sales of liquor were held to be breaches of the peace. In Commonwealth v. Geibel et al., 13 D. & C. 115, a similar result was reached. On the other hand is a case from the old Indian Territory, Miles et al. v. U. S., 7 Ind. T. 11, 103 S. W. 598, where it was held that a mere striking with a hard object is not a breach of the peace. But the general law as stated in 8 Am. Jur. 836 holds an assault and battery to be a breach of the peace.

We hold that an assault and battery is such a breach of the peace within the meaning of the Sunday Law of 1705 as to allow for the lodging of an information and the making of an arrest on Sunday. To hold otherwise is to run too great a risk. No one knows when one blow may lead to another. Reprisals often exceed the first offense. Other persons often become involved. A general affray may result. If it were known that the law is powerless to interfere on Sunday unless the

offense is committed in view of an officer or until a truly menacing situation has developed, disorder on Sunday would be increased. A timely information, warrant and arrest may prevent disorder.

The propriety of holding court on Sunday stands upon a different footing. With the arrest of an assailant the pressing danger has been averted. Should his plea be received and sentence imposed or a hearing held on Sunday? This problem received the attention of this court in New Castle v. Casacchia, 58 D. & C. 184. The observation there made need not be repeated here beyond saying that, where a defendant has been arrested on view on Sunday morning for a misdemeanor and taken to police headquarters he shall not be required to give bond for a hearing on Sunday and when he appears at the time fixed and pleads not guilty evidence shall not be heard against him and sentence passed on Sunday.

Here we must advert to the return filed by Alderman Brice in the case before us. The return shows that defendant who, as we find, had been lawfully arrested, was brought to the magistrate's office and told that bond for a hearing was fixed at $200. There was no error in fixing or taking bond on Sunday. This is specifically allowed by the Act of March 24, 1937, P. L. 105, sec. 1, 19 PS §58. It would have been error to force defendant into a hearing on Sunday but this the magistrate explicitly states he did not do. He says that defendant asked how she might "get the affair settled". He told her "she could plead guilty, pay a fine and costs and go". She pleaded guilty and was sentenced to pay the costs and a fine of $15. All these facts are set out in the transcript. In the absence of any countervailing evidence they must be accepted as true.

Was it lawful for the alderman to receive her plea and impose sentence under these circumstances? In other words, was it competent for defendant to waive

the prohibition against holding court on Sunday? As an abstract proposition this question must be answered in the negative because the Sunday laws were not passed in the interests of defendants but in the interest of good public morals. Nevertheless as a practical matter less activity on Sunday was involved in this case by accepting defendant's plea and sentencing her than by committing her to jail in default of bail or by waiting until bail was secured.

Defendant could not waive the substantive part of the law. She could not require the court to hear her witnesses on Sunday or indeed to pronounce sentence on Sunday. She can, however, disable herself from complaining about the sentence. The constable may be civilly liable for an arrest on Sunday for an offense not excepted by the statute (Butler et al. v. Pa. R. R. Co., 15 D. & C. 357) and the magistrate may be liable for judicial acts done on Sunday: Grohmann v. Kirschman, 168 Pa. 189; McCarthy v. De Armit, 99 Pa. 63. But in the case before us the arrest was lawful. When defendant was brought before the magistrate he had to make some disposition of the case. He could lawfully have committed defendant to jail pending hearing on a week day or could have released her on bail. He could not lawfully impose sentence but he having done so at the defendant's request she cannot now ask to have the sentence set aside.

The problem is one of waiver. A defendant may waive irregularities in warrant or arrest by giving bail: Commonwealth v. Sullivan, 91 Pa. Superior Ct. 544. By presenting a petition for an appeal instead of a petition for discharge from custody defendant was held to have waived his rights: York City v. Hatterer, 48 Pa. Superior Ct. 216, 226. Although waiver is usually a question of fact it may be one of law: Lewis v. Carstairs, 5 W. & S. 205, 209; Pittsburg Construction Co. v. West Side Belt R. R. Co., 227 Pa. 90, 99.

This opinion is not to be construed as a general warrant for the holding of court and the imposition of sentence by magistrates on Sunday. The basis of this decision is the magistrate's return, which is presumed to be correct. The presumption of veracity covers the item of the glasses. Defendant paid for the glasses as a part of the sentence. Restitution cannot be required as a part of sentence in the present state of our law: Commonwealth v. Gross, 161 Pa. Superior Ct. 613, 621; Commonwealth v. Nelson, 57 D. & C. 329. But the sum has been paid, according to the transcript, as a settlement. We need not disturb it. As to the costs of the constable, A. L. Fair, the transcript does not show him to have performed any services and his costs are disallowed.

One thing remains to be mentioned. Did the magistrate have authority to receive a plea of guilty in a case of assault and battery and to impose sentence thereon? In hearings in assault and battery cases, as a matter of general law, the magistrate is empowered only to bind defendant over to court, this under the Act of May 27, 1919, P. L. 306, sec. 1, 19 PS §21. But the Act of May 1, 1861, P. L. 682, sec. 1, 42 PS §392 authorized the justices of the peace of Erie and Union Counties "to hear and determine" cases involving certain offenses, among them assault and battery. By the Act of February 25, 1870, P. L. 254, this act was extended to Lawrence County. Under this legislation justices of the peace and aldermen in this county have jurisdiction to entertain pleas of guilty and to sentence in cases of assault and battery. The adjudicated cases refer to jury trials in the justice's court (Commonwealth v. Hall, 291 Pa. 341, 346; Lavery v. Commonwealth, 101 Pa. 560; Commonwealth v. Kelly, 70 Pa. Superior Ct. 134) but since time out of mind the justices here have proceeded under the Act of 1861 where defendant has pleaded guilty.

Entertaining these views we make the following

## Order

Now, February 27, 1948, defendant's exceptions numbered 1, 2, 3, 4, 5, 6, 7 and 8 are each severally overruled and refused. Exceptions numbered 9 and 10 are sustained and return of the costs paid to A. L. Fair is directed.