STATE *ex rel.* THE ATTORNEY GENERAL *v.* RAILROAD COMMISSION OF ARKANSAS.

Opinion delivered July 7, 1913.

1. WATERS—WATER POWER—FRANCHISE.—Under the act of May 13, 1905 (Laws of 1905, p. 769), granting the power to the State Board of Railroad Incorporation to grant franchises to corporations to develop water power, the Railroad Commission, which succeeded the State Board of Railroad Incorporation, is not authorized to extend the time for the construction of a dam, which was limited by order of the first board. The powers of a board must be strictly confined to those conferred by the statute. (Page 103.)

2. WATERS—AMENDED FRANCHISE—TIME FOR ERECTING DAM.—The act of March 12, 1913, p. 696, does not authorize the Railroad Commission to extend the time within which a water power company may erect its dam. (Page 104.)

3. CERTIORARI—SCOPE OF REMEDY.—When the action of public officers or bodies is purely legislative, executive or administrative, although it involves the exercise of discretion, it is not reviewable on *certiorari*; but where the tribunal acts in a judicial or *quasi*-judicial capacity, and makes an order in excess of its powers, it is reviewable on *certiorari*.   (Page 105.)

4. CERTIORARI—SCOPE OF REMEDY.—Where the Railroad Commission extends the time in which a corporation may erect its dam, under Act 1905, p. 696, the order may be reviewed on *certiorari*.   (Page 107.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; reversed.

*Wm. L. Moose,* Attorney General, and *Mehaffy, Reid & Mehaffy,* for appellant.

The commission had no power in the premises except to grant the franchise, etc.   19 Cyc. 1460; Castle's Dig., § 8002; 3 Thompson on Corporations, § § 2863-4, 2878; 132 Fed. 901; 211 U. S. 265; Thompson on Corporations, § § 2874-2866; Acts Ark. No. 163, March 12, 1913; Endlich on Int. Stat., § 407; 6 Words & Phrases, § 5105.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. Certiorari will not lie.   6 Cyc. 737; *Ib.* 738; Kirby's Dig., § § 1315-16; 52 Ark. 220; 61 *Id.* 607; 62 *Id.* 196; 69 *Id.* 591; 73 *Id.* 606; 80 *Id.* 201; 70 *Id.* 589; Bishop on Noncontract Law, ¶ ¶ 785-6; Mechem on Pub. Officers, ¶ 637; 74 Pac. 71; 96 N. W. 673; 152 S. W. 1012; 40 Cyc. 667.

2. The powers of the commission are judicial or *quasi*-judicial, and can not be controlled by mandamus or certiorari.   94 Ark. 422.

3. The commission had the power to extend the time to complete the work.   Acts 1905, p. 769; Acts 1913, No. 145; 145 S. W. 199; Acts 1913, No. 163; 11 Ark. 47; 89 *Id.* 384; 101 Ark. 223; Kirby's Dig., § 5448; *United States* v. *Lane,* U. S. S. C. April 15, 1913, ms. op.

McCULLOCH, C. J.   The Attorney General challenges, in this proceeding, the power of the Railroad Com-

mission to make an order extending the time for constructing a power dam under a franchise previously granted to the Garland Power & Development Company of Arkansas, a domestic corporation.

On May 11, 1910, the State Board of Railroad Incorporation granted to the Garland Power & Development Company a franchise to erect a dam upon the Ouachita River at points mentioned, and the franchise so granted contained a provision that the "Garland Power & Development Company shall, within four years from the date of this order, put in direct operation and be prepared to deliver electric current to customers, and to develop and operate water powers upon Ouachita River in Garland and Montgomery counties."

It was doubted whether the statute conferred the power to grant such franchise upon the Board of Railroad Incorporation or upon the Railroad Commission, the language of the statute being ambiguous; but this court held that the first-named board possessed the power under the statute. *Garland Power & Development Co.* v. *State Board of Railroad Incorporation,* 94 Ark. 422.

Since that time, the Legislature has amended the statute so as to transfer the power from the Board of Railroad Incorporation to the Railroad Commission of the State.

On May 9, 1913, the Garland Power & Development Company filed its petition before the Railroad Commission, reciting the former proceedings, and asked that the time for constructing the dam and beginning operation under the franchise be extended for the term of four years from that date. The reasons for the request were stated in the petition, and the commission made an order granting the extension of time. The validity of that order is challenged in this proceeding, and the Attorney General sued out a writ of *certiorari* before the circuit court of Pulaski County to quash the order. The circuit court rendered judgment dismissing the petition, and the Attorney General appealed to this court.

The act of May 13, 1905, under which the franchise

was granted, merely empowered the State Board of Railroad Incorporation to "grant to such corporation the franchise of erecting such dam or dams, which franchise shall state the maximum compensation per horsepower to be received by such corporation for the use of the power generated." The act contains no provision for fixing the time during which the franchise may be operated, or the time the improvement must be put into operation.

The question of the effect of the Board of Railroad Incorporation putting in the provision limiting the time to four years, does not arise in this case, and we, therefore, refrain from any discussion on that point.

What we are called upon to decide is, whether the Railroad Commission, as the successor to the Board of Railroad Incorporation, in the exercise of this power, has the authority to subsequently insert the provision or make an order extending the time.

It is plain that the commission possessed no such power, and that the order is void.

The statute only authorized the granting of franchises for the erection of dams and the fixing of maximum compensation per horsepower to be received for the use of the power generated. The Board of Railroad Incorporation was authorized to exercise only such power as was clearly expressed or necessarily implied from the language used in the statute. It could, in other words, exercise only such powers as were expressly or by necessary implication conferred, it being a tribunal created especially to exercise this particular function. The Board of Railroad Incorporation, as well as the Railroad Commission, its successor in the exercise of this power, are clothed with authority with respect to other matters, but the statute limits its power, with respect to granting this franchise, solely to the matters indicated above. It is but the statement of an elementary principle that the powers of the board must be strictly confined to those conferred by the statute. No authorities are necessary to support that principle, and none to the contrary are cited by counsel for appellees.

The power with respect to granting the franchise is not a continuing one, and was exhausted with its exercise in granting the franchise.

The General Assembly of 1913 enacted a statute, approved March 12, 1913, which is relied on by counsel to sustain the power to grant the extension. Section 1 of the act provides that any corporation organized for the purpose of producing power for manufacturing and other lawful purposes, and which has procured a charter from the State for the development and operation of water power, "may, at any time, before the construction of such dam shall have been completed, file with the Railroad Commission of Arkansas, with the Secretary of State, and with the county clerk of the county or counties in which the lands pertaining to such water power are situated, an amended survey, estimate and engineer's report, making such changes in the location or plan of construction of its principal power dam, and otherwise, as it shall deem necessary and advisable;" and that the commission "may, upon a hearing on said application, permit such corporation to amend its survey, estimate and engineer's report, and make such changes in the location or plan of construction of its principal power dam, and otherwise, as may appear to it necessary and advisable."

It is insisted that the authority of the commission to permit an amendment of the estimates, of the surveys, and the location and plans of construction, necessarily implies the power to extend the time for completing the improvement.

We do not think, however, that the statute just referred to enlarges the powers of the commission in any respect except as to those matters named in the statute itself.

Some stress is laid in the argument on the words "and otherwise" as having some significance in enlarging the powers of the commission.

But, we think that those words refer merely to the changes in the surveys, estimates and reports, and in the

location and plan of construction. The commission has the power merely to "permit such corporation to amend its survey, estimate and engineer's report, and make such changes in the location or plan of· construction of its principal power dam, and otherwise, as it may deem necessary and advisable." The words "and otherwise" have no reference to time for completing the improvement.

Learned counsel for appellee cite the recent case of *Little Rock Ry. & Electric Co.* v. *Dowell,* 101 Ark. 223, as sustaining their contention.

That case related, however, to the power of the city council of Little Rock to amend a franchise by consent of the owner. It has no bearing on the present case for the reason that a city council is fully authorized by statute to deal with the question of granting franchises and providing utilities for the public, and the power conferred is clearly a continuing one. The city council acts in a legislative, as well as an administrative, capacity, and the power over that subject is necessarily continuing, and gives it the power to amend a charter except so far as it disturbed vested rights. The doctrine of that case has no application here, for the statute does not confer any general power over the subject, and it was not a continuing power.

A very serious question presented is, whether the writ of *certiorari* is the appropriate remedy.

This is, by no means, free from doubt; but we have reached the conclusion that it is the proper remedy.

The law on that subject was stated by Judge BATTLE in the case of *Pine Bluff Water & Light Co.* v. *City of Pine Bluff,* 62 Ark. 196. He states the rule to be that "when the action of the officers or public bodies is purely legislative, executive and administrative, although it involves the exercise of discretion, it is not reviewable on *certiorari,*" but that where the tribunal acts in a judicial or *quasi*-judicial capacity, and makes an order in excess of its powers, which is void, it is reviewable on *certiorari.* "But it is not essential," said Judge BATTLE in that case,

"that the officers or bodies to whom it lies shall constitute a court, or that their proceedings, to be reviewable by the writ, should be strictly and technically 'judicial' in the sense that word is used when applied to courts. It is sufficient if they are what is termed '*quasi*-judicial.' "

The test, therefore, is whether the act sought to be reviewed is done in a judicial or *quasi*-judicial capacity, and not merely in a legislative, executive or administrative capacity.

The rule is clearly stated in 4 Encyclopedia of Pleading and Practice, pp. 74-78, where it is said that, "The decisions as to what are, or are not, judicial acts, are so varying and frequently so directly conflicting that it is difficult to deduce from them any general rules or principles."

In *Pine Bluff Water & Light Co.* v. *City of Pine Bluff, supra,* which involved the action of the city council in attempting to impose burdens upon the exercise of a franchise previously granted, this court held that the ordinance was legislative, and not reviewable on *certiorari.*

In *McConnell* v. *Arkansas Brick & Mfg. Co.,* 70 Ark. 568, 589, the court held that an act of the State Board of Penitentiary Commissioners, in attempting to revoke a contract previously entered into with respect to the leasing of convicts, was an executive or ministerial act, and could not be reviewed on *certiorari.*

In the case of *Garland Power & Development Company* v. *State Board of Railroad Incorporation, supra,* we held that the Board of Railroad Incorporation, in the exercise of the power conferred with respect to this matter, exercised discretion which would not be controlled by mandamus, and in the later case of *Ouachita Power Co.* v. *Donaghey,* 106 Ark. 48, the same rule is announced. In neither of the cases, however, did we undertake to decide whether the board acted in a judicial or *quasi*-judicial capacity.

Discretion may be allowed in the exercise of legis-

lative, executive or administrative powers without bring-
ing the act within the category of the judicial function.
*Pine Bluff Water & Light Co.* v. *City of Pine Bluff,*
*supra.*

We are of the opinion that, when the nature of the
act involved in this case is considered, the power con-
ferred by the statute was intended to be exercised by the
board in a judicial or *quasi*-judicial capacity, and that
the order may be reviewed on *certiorari.* The authorities
are far from harmonious on this question, but those cited
in the briefs strengthen us in the view that *certiorari* is
the proper remedy in this instance.

It follows from what we have said that the order of
the Railroad Commission extending the time was void,
and must be quashed. The judgment of the circuit court
is, therefore, reversed and judgment will be entered here
quashing the order of the Railroad Commission.