## Hoxie *v.* Gibson.

### Opinion delivered November 14, 1921.

1. MUNICIPAL CORPORATIONS—INTEREST IN STREETS—ABANDONMENT.— The interest which the public acquires by the dedication of land for a highway or street is merely an easement or right of passage over the soil, the original owner still retaining the fee together with all rights of property not inconsistent with the public use; and when the streets are vacated or the use abandoned, they revert to the owners of abutting lands.

2. MUNICIPAL CORPORATIONS—STREETS—ADVERSE POSSESSION.— Prior to Acts 1907, p. 1147, there was no statute exempting incorporated towns from the running of the statute of limitations as to streets and alleys, that statute limiting its operation to adverse possession or occupancy commenced or begun after its passage.

3. ADVERSE POSSESSION—DEDICATED STREETS.—The statute of limitations begins to run against private rights in a street acquired by individuals under purchase of lots according to a plat filed by the owner of adjacent property from the time the latter's possession became adverse.

4. ADVERSE POSSESSION—WHEN NOT PERMISSIVE.— The fact that an adjacent proprietor took possession of a street after the town council had passed an ordinance vacating it did not render the former's possession permissive, so as to prevent the statute of limitation from running.

5. ADVERSE POSSESSION—CHARACTER OF POSSESSION.—Where an adjacent proprietor took possession of a street upon its abandonment by the town, and thereafter held possession adversely, it is immaterial whether the special act authorizing the town to vacate the street was valid or not.

6. QUIETING TITLE—JURISDICTION OF EQUITY.—Where a suit to quiet title to an abandoned street was properly brought in the chancery court, that court could not be deprived of its jurisdiction by an answer setting up that defendant was entitled to go into the law court and condemn the land for street purposes, and requesting that the cause be transferred to the law court in order that it might be condemned.

Appeal from Lawrence Chancery Court, Eastern District; *L. F. Reeder,* Chancellor; affirmed.

*Ponder & Gibson,* for appellant.

1.  The town council had no authority to vacate the strip of ground in controversy, the same being part of a street. C. & M. Digest, § 4006; 75 Ark. 534; art. V. § 24, Const. 1874. The act No. 254, Acts 1905, p. 667, was void, and conferred no rights on the town or its council to vacate or close any of its streets or alleys. 134 Ark. 366; 120 *Id.* 214; 121 *Id.* 610 & Ark. cases cited; 98 *Id.* 156; 66 *Id.* 40; 65 *Id.* 410; 68 *Id.* 62; 50 *Id.* 473; 24 *Id.* 102; 27 Am. & Eng. Enc. 103; 9 *Id.* 20.

2.  When the owner of the land dedicated the streets and alleys to the town, the fee passed to the town forever. 27 Am. & Eng. Enc. 117; 21 Fed. 223; 27 Am. St. Rep. 415; 8 Am. Dec. 263; 6 Peters (U. S.) 513; 1 Elliott on Roads and Streets, § 21; *Id.* § 128; 121 N. C. 350; 3 Colo. 472; 135 Ark. 48.

3.  Appellee acquired no title by adverse possession. Her testimony shows that when she enclosed the property it was not for the purpose of acquiring title, but only to protect her hotel properties from the noises of cattle and from the insanitary condition of the street; and that the idea of acquiring title was conceived only after the burning of the old hotel in 1912, which was replaced by the new brick hotel. Her adverse possession, therefore, began after the passage of the act of 1907, Acts 1907, p. 1147, and within its provisions.

There could be no adverse possession until the street was ordered opened. 1 Gray (Mass.) 203; 56 Tex. 514. The rights of the public in a highway are not barred or lost by the failure of the city to act. Elliott on Roads and Streets, § 1188. And it is not every encroachment thereon that constitutes adverse possession. Setting out shade trees, making of sidewalks, fencing in a portion of the street, have been held insufficient. *Id.,* 33 Atl. 435; 34 *Id.* 366; 55 *Id.* 755; 71 *Id.* 141; 27 Am. Rep. 295; 18 Am. Dec. 86; 69 Am. St. Rep. 212; 29 *Id.* 500; 27 *Id.* 295; 88

Ark. 478.    City not estopped on account of inaction of officers for a long period.    66 Ark. 40; 85 *Id.* 524.

4.    The act of March 25, 1921, is valid and binding. Our statutes do not provide for a jury trial in matters of condemnation, except where private corporations seek to condemn, and the act is not violative of any provision of the Constitution.    It provided a method for the settlement of the litigation in regard to this street.    96 Ark. 411; 32 *Id.* 553; 78 *Id.* 432; 77 *Id.* 171; 40 *Id.* 290; 62 Ala. 569; 124 Ark. 61; 132 *Id.* 412; 134 *Id.* 121, 130; *Id.* 293; 124 *Id.* 569; 75 *Id.* 530; 64 *Id.* 562; 79 *Id.* 159; 69 *Id.* 642.

*Cohn, Clayton & Cohn,* for appellee.

1.    Mrs. Gibson was the heir of the original owner of the land and entitled to claim as such.    At most the town acquired nothing more from the platting and dedication than an easement over the soil.    24 Ark. 102; 77 *Id.* 570, 579.    She acquired title by adverse possession, enclosed it with a view to claiming it as her own, kept it enclosed for over fourteen years, built houses— garage and warehouse—thereon.    58 Ark. 151, 156; 73 *Id.* 106. 111; 76 *Id.* 48, 59; 84 *Id.* 52; *Id.* 516, 520; 133 *Id.* 527; 144 *Id.* 208.    Title by adverse possession will sustain an action to quiet title.    83 Ark. 535; 20 *Id.* 508; *Id.* 542; 12 *Id.* 822.    Cases cited by appellant from other jurisdictions are not in accord with this court and many others.    See 2 Dillon Mun. Corporations, 4th Ed., §§ 673, 674.    Acts 1907 p. 1147 related to adverse possession which commenced after its passage.    133 Ark. 527, 530.

2.    It is not claimed that the town of Hoxie could legally vacate the street in question; but it could, and did, abandon it.    77 Ark. 570; 3 McQuillin, Mun. Corporations, § 1399; 26 L. R. A. 449.    It is *not* the rule in this State that where a street has been dedicated, the fee in the land goes to the city.    24 Ark. 102; 77 *Id.* 570, 579; 50 *Id.* 466.    Nor in the majority of the States.· 3 McQuillin, Mun. Corp. § 1305:

3.    Whatever the intention of the legislative body in enacting the Act No. 397, approved March 25, 1921, the act does not in terms seek to deprive the chancery court

of jurisdiction of this suit, which was pending therein at the time of the act was passed. Intention to oust jurisdiction will not be presumed. 26 Am. & Eng. Enc. 645; 132 Ark. 481; 33 *Id.* 778, 785-87; 53 *Id.* 37, 45; 18 *Id.* 585, 588; 38 *Id.* 406. It could not, in any event, deprive the chancery court of jurisdiction in this case, being an action to quiet title. 116 Ark. 490; 95 *Id.* 628; 80 *Id.* 145; 109 *Id.* 250.

4. Act No. 397, Acts 1921, is invalid. It is an act to settle rights of property of a property holder, by a special proceeding, gotten up for that specific purpose. 1 Gill & J. 365; 31 Am. Dec. 72, 97-99. It provides no adequate time in which to appeal. 76 Ark. 184; 97 *Id.* 116; 134 *Id.* 294.

McCulloch, C. J. This is an action instituted in the chancery court by appellee against the town of Hoxie to quiet appellee's title to a strip of land in the town, formerly owned by appellee's mother, Mary A. Boaz, and dedicated by the latter to the public as a part of a certain street of the town of Hoxie. The chancery court granted the relief sought by appellee, and an appeal is prosecuted to this court.

Appellee's mother, Mrs. Boaz, formerly owned the land on which the town of Hoxie is situated, and in the year 1883 she caused the same to be platted into lots and blocks, intersected by streets and alleys, and filed the plat for record. Lots were sold according to the descriptions set forth in the plat, and the streets and alleys thus became dedicated to public use.

The property in controversy is a strip 60 feet in width and 291 feet in length, south of block 12, according to the plat filed by Mrs. Boaz, and is a part of Springfield Street between two other streets designated as Texas Street, which is east of block 12, and Maple street, which is west. Mrs. Boaz erected a building on one of the lots in block 12 for use as a hotel. She died, leaving appellee as her sole heir. According to the testimony adduced, the part of Springfield Street on which block 12 abutted was left open for public use,

but was little used as a street. It was used so little by the public that it got to be a place where cattle congregated in the evening and at night near the rear entrance to the hotel, and the place became insanitary. It is not contended, however, that the attempted dedication by Mrs. Boaz was not complete, nor that the dedication remained unaccepted by the public. The contention of appellee is that the street was vacated and abandoned, and that all rights acquired under the original dedication were thereby extinguished.

In the year 1905 a petition of certain citizens of the town of Hoxie was presented to the Legislature, perhaps at the instance of appellee, and a special statute was enacted by the legislative session of that year authorizing the town of Hoxie to vacate, by ordinance, this portion of Springfield Street and a certain part of another street contiguous to appellee's land not involved in this appeal. Pursuant to this statute, the town council enacted and published an ordinance on October 6, closing this part of Springfield Street, and within a short time thereafter appellee took possession of the strip of land in controversy and fenced it. in connection with her other property in block 12. She has kept the property fenced and has maintained exclusive dominion over it from that time until the commencement of this action. The old hotel building was burned in the year 1912, and was replaced by a brick building, used for the same purpose and still owned by appellee.

The testimony is abundantly sufficient to establish the fact that appellee has continuously held the property since the autumn of 1915, in hostile possession and under a claim of ownership sufficient to completely vest the title in her by limitation unless, under the law and the facts of the case, the statute did not run in her favor.

This court, in an early decision, announced the rule, which has been several times reiterated, that "the interest which the public acquires by the dedication of land for a highway or street is merely an easement or

right of passage over the soil, the original owner still retaining the fee, together with all rights of property not inconsistent with the public use," and that "when the streets are vacated or the use abandoned, they revert to the owners of abutting lands." *Taylor* v. *Armstrong,* 24 Ark. 102; *Packet Co.* v. *Sorrels,* 50 Ark. 466; *Dickinson* v. *Arkansas City Improvement Co.,* 77 Ark. 570.

At the time the adverse possession of appellee began, there was no exemption in the statute of limitation in favor of incorporated towns. A statute was enacted declaring such exemption at the legislative session of 1907 (Acts 1907, p. 1147), but that statute contains a provision limiting its operation to "adverse possession or occupancy commenced or begun after the passage of this act." The effect of this statute was construed and its provisions applied in the case of *Madison* v. *Bond,* 133 Ark. 527. The statute, of course, ran against private rights acquired by individuals under purchases of lots according to the plat filed by Mrs. Boaz. *Mebane* v. *Wynne,* 127 Ark. 364. The fact that appellee acquired possession of the property in controversy pursuant to to the ordinance enacted by the town council vacating the street does not render such possession a permissive one, so as to prevent the statute of limitation from running. It is contended by learned counsel for appellant that the special act of the Legislature authorizing the town council to vacate the street was invalid, a question which we do not deem it necessary to discuss; but, whether this be so or not, it demonstrates the fact that appellee's possession began under a claim of legal right and not by permission, for it constituted an assertion of her right to resume possession of the property, in which she owned the fee after the public use was abandoned. Nor is it material that when appellee took possession of the property in controversy and fenced it she did not then, as now, purpose to extend the hotel building thereon. The controlling fact, however, is that she took possession and maintained it as a matter of right and under a hostile claim of ownership. *Madison* v. *Bond, supra.*

Our conclusion is, that regardless of the question of the legality of the proceedings on the part of the town in vacating the street, appellee's title is complete by adverse possession, and that all other rights have been extinguished by operation of the statute of limitation.

There is another feature of the case, however, which calls for discussion. The General Assembly of 1921 passed a special statute (Act No. 397) referring to the property in controversy and to the special statute of 1905 in regard to vacating Springfield Street, and authorizing the town of Hoxie to institute proceedings in the circuit court of Lawrence County "against any one claiming ownership in said street, for the purpose of determining whether any one has acquired rights in said street by limitation or under the provision of said statute." The statute further provides that, if the circuit court "finds that other parties have acquired rights in said street, it shall appoint three citizens of Lawrence County to act as appraisers," and that there shall be an appraisal of the value of the property, and that when the appraisal has been made the town council "shall determine whether they are willing to pay the amount thereof and to open said street; and, in the event they determine to open said street, the incorporated town of Hoxie shall execute and deliver to the parties who are adjudged by the circuit court to be the owners of said street, the warrants of said incorporated town, drawn on its treasurer, for the amount of the appraised value of said street."

Appellant, in its answer in the present case, pleaded the statute just referred to, and moved the court to transfer this cause to the circuit court for further proceedings in accordance with the statute. This motion was overruled.

We are of the opinion that the court was correct in refusing to transfer the case. The chancery court rightfully acquired jurisdiction for the purpose of quieting appellee's title to the strip of land in controversy.

The relief sought in this action fell within the original jurisdiction of chancery courts, and the statute in question was nothing more nor less than one prescribing the method for condemnation of this property for public use under the right of eminent domain. It could not deprive the chancery court of the jurisdiction already rightfully acquired, nor was it an attempt to do so. Appellee's title to the property has been quieted by the decree of the chancery court, and her rights therein are thus settled, but appellant's authority under this statute to proceed to condemnation of this property is still unimpaired, notwithstanding this decree adjudicating and quieting appellee's title to the property, for, as before stated, the only purpose of the act is to prescribe the method of condemnation. It is unnecessary for us at this time to determine the question of validity of the mode of condemnation prescribed in this statute, nor is it proper that we should do so, for that question will not arise until the prescribed method is pursued.

The decree is affirmed.

