## Hoxie v. Gibson.

### Opinion delivered October 23, 1922.

1. JUDGMENT—RES JUDICATA.—Where the only issue in a former suit was as to the title to property, and no issue was raised as to the validity of an act providing for condemnation of land for street purposes, a statement in the opinion of this court in the former suit that plaintiff's "authority under the act to proceed in condemnation is still unimpaired," even if it could be construed as holding that the act was valid, was *obiter dictum* and not conclusive upon that question in a subsequent proceeding.

2. CONSTITUTIONAL LAW—DENIAL OF RIGHT OF APPEAL.—Under Const. 1874, art. 7, §§ 1, 4, providing that the judicial power shall be vested in certain courts and that appeals from inferior courts shall lie to the Supreme Court, the Legislature cannot designate a tribunal other than a common-law jury to ascertain the value of land condemned and the amount to be paid therefore, and make the finding of such tribunal conclusive; the determination of such matter being a judicial function and reviewable by the courts.

3. CONSTITUTIONAL LAW—DUE PROCESS.—Sp. Laws 1921, p. 826, authorizing a town to institute proceedings to determine whether any one had acquired rights in a street and providing for the appointment of appraisers whose finding would be conclusive as to the value of the property taken, is invalid as depriving the owner of his property without due process.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

*Ponder & Gibson,* for appellant.

The act was constitutional, and provided a method for the condemnation of the street and property, and the demurrer should have been overruled.

Where the Legislature has erected a tribunal for the purpose of ascertaining and declaring the result of an election, its decision is conclusive, and cannot be reviewed by the courts. 96 Ark. 411; 32 Ark. 553; 78 Ark. 432.

A jury trial is not necessary to constitute due process of law in every case. 32 Ark. 553; 40 Ark. 290. Jury trials are not necessary in summary proceedings, unless required by statute. 4 B. L. Com. 280; 62 Ala. 596.

The constitutional guaranty of trial by jury in condemnation proceedings relates only to private corporations. Art. 12, sec. 9, Const. 1874; 124 Ark. 61; 132 Ark. 412; 134 Ark. 121; Elliott on Roads & Highways, vol. 1, sec. 224; 134 Ark. 293; 124 Ark. 569; 75 Ark. 530.

Condemnation proceedings are not common-law actions, and when they meet the constitutional requirements, they are valid. I Lewis on Eminent Domain, secs. 311-314; 64 Ark. 562; 79 Ark. 159; Tiedeman, Lim. Police Powers, sec. 374; 69 Ark. 642.

*W. A. Cunningham* and *Cohn, Clayton & Cohn,* for appellee.

The act is unconstitutional because it provides for trial of a judicial question in a way not authorized by the Constitution. Sec. 22 of the Declaration of Rights, Const. 1874; 134 Ark. 121; 49 Ark. 492; 72 Ark. 357; 148 Ark. 271; 76 Ark. 184; 134 Ark. 292.

WOOD, J. This action was instituted by appellant against the appellee to condemn a strip or parcel of land in the incorporated town of Hoxie, Arkansas, for a street. This court, in *Hoxie v. Gibson,* 150 Ark. 432, decided that the land in controversy was owned by Anna B. Gibson, the appellee herein. The present action was instituted under act No. 397 of the Special Acts of 1921, p. 826. Section 1 authorizes the town of Hoxie to sue for the land in controversy. The act further provides: "Sec. 2. If said circuit court finds that other parties have acquired rights in said street, it shall appoint three citizens of Lawrence County to act as appraisers, and said appraisers shall meet and view said street so sought to be opened, and shall appraise the damages which the parties having rights in said street will suffer by reason of its opening. Said appraisers shall notify the mayor or recorder of the incorporated town of Hoxie of the day when they will make their appraisal, and they will also notify the parties claiming the rights in said street, and they shall make their appraisal only after they have heard both sides and such witnesses as the respective parties bring before them. Their appraisal shall be conclusive as to the value of the property taken, and without appeal.

"Sec. 3. When the appraisal has been made, the town council of the incorporated town of Hoxie shall determine whether they are willing to pay the amount thereof and to open said street, and in the event they determine to open said street, the incorporated town of Hoxie shall execute and deliver to the parties who are adjudged by the circuit court to be the owners of said

street, the warrants of said incorporated town, drawn on its treasurer, for the amount of the appraised value of said street, and thereupon the said incorporated town of Hoxie shall open said street for use as a public highway."

The appellant set up the act and prayed that the land described in its complaint be condemned according to its provisions. The appellee entered a special demurrer to the complaint on, among other, the following grounds:

"1.   That the act under which this suit is brought is unconstitutional, because it seeks to deprive defendant of her property without due process of law, is unequal and discriminative, and is in contravention of the provisions of the Constitution of the State of Arkansas and of the Fourteenth Amendment of the Constitution of the United States."

"3.   Because said act seeks to bind defendant by a verdict and judgment in this court without the right of appeal therefrom to the Supreme Court of Arkansas, and is in contravention of article VII, section 4, of the Constitution of Arkansas, which gives the right of appeal in all cases."

The trial court sustained the demurrer. Appellant stood on its demurrer, and the court rendered a judgment dismissing the complaint, and for costs, from which is this appeal.

In *Hoxie* v. *Gibson, supra,* speaking of the act under review, we said: "But appellant's authority under this statute to proceed to condemnation of the property is still unimpaired, notwithstanding the decree adjudicating and quieting appellee's title to the property, for, as before stated, the only purpose of this act is to prescribe the method of condemnation." The appellant says that this court "in this decision practically held that this act was legal and binding, and that it was a method of condemnation which could be followed and pursued by appellant." But not so. The issue before the chancery court in *Hoxie* v. *Gibson, supra,* was only

as to the title to the property, and we affirmed the decree of the chancery court quieting the title in Mrs. Gibson. No issue as to the right of condemnation of the land in controversy under special act 397, *supra,* was raised in that case. Therefore, the language from the decision quoted *supra* was not intended, and can not fairly be construed, to hold that special act 397 was a valid act. If the language were susceptible of that interpretation, it would be pure *obiter,* and not binding on the court in this lawsuit. The issue, and the only issue in the instant case, is whether or not special act 397, *supra,* is a valid act.

In *Cribbs* v. *Benedict,* 64 Ark. 562, we said: "Eminent domain and police power are attributes of political sovereignty, for the exercise of which the Legislature is under no necessity to address itself to the courts. It determines the mode and the occasion of the exercise of these supreme powers, untrammeled by constitutional restraints. It may or may not, in its discretion, clothe the proceedings with the forms or substance of judicial process, and when provision has been made for just compensation to the landowners for his land taken, the expression of the legislative will authorizing such taking is of itself due process." And in *Board of Directors St. Francis Levee District* v. *Reddit,* 79 Ark. 159, we said: "Condemnation proceedings are not common-law actions, and when they meet the constitutional requirements and provide for due notice to the parties affected, they are valid, although they may not provide for a trial in course of the common law."

Learned counsel for appellant quote and rely upon the doctrine of the above cases to support their contention that it was within the power of the Legislature in condemnation proceedings to constitute a board of appraisers and to delegate to such board the absolute authority to determine the value of the land condemned, after notifying the parties and giving them the right to adduce testimony and be heard by the board on the

issue of compensation to be awarded the landowners for their property. Under our Constitution ''the right of property is before and higher than any constitutional sanction, and private property shall not be taken, appropriated, or damaged for public use without just compensation.'' Now, the right of the State and its subordinate governmental agencies, under the power of eminent domain, to condemn and take private property for public use is beyond question. In addition to above, see *Sloan* v. *Lawrence County,* 134 Ark. 121-128 *et seq.,* and cases there cited; *Dickerson* v. *Tri-County Drainage Dist.,* 138 Ark. 471.

The Legislature undoubtedly has the power to determine whether the necessity exists for such condemnation, but it has no power to create a tribunal and vest it with absolute authority to condemn private property without just compensation, or upon such compensation as such tribunal may determine, and make the findings of that tribunal or board conclusive upon the issue of compensation. The jurisdiction to determine the necessity for condemnation is one thing. That is purely a legislative function, which the Legislature may exercise untrammeled. The jurisdiction to determine the value of the land condemned and the compensation to be rendered the owner therefor, is another thing. The latter power is purely a judicial function which none but the courts can exercise. If the Legislature designates a tribunal other than a common-law jury to ascertain the value of the land and the amount of compensation to be paid the owner therefor, then the finding of such tribunal on the issues of fact must be subject to review by the courts. The right of appeal from such finding through to the court of last resort can not be taken away. Art. VII, sec. 4, Const. Ark. If this procedure is not followed, then the landowner is deprived of his property without judicial inquiry, *i. e.,* without the due process guaranteed by our Constitution and the Constitution of the United States. Article II, secs. 21 and 22, Constitution of Ar-

kansas; articles 5 and 14, Const. of U. S.; *Matter of City of Buffalo*, 139 N. Y. 422, 430-31.

Sec. 1, article 7, of our Constitution provides that the judicial power of the State shall be vested in certain courts designated therein. In *Monongahela Navigation Co.* v. *United States*, 148 U. S. 312, Mr. Justice BREWER, speaking for the court, says: "The Legislature may determine what private property is needed for public purposes—that is a question of political and legislative character; but when the taking has been ordered, then the question of compensation is judicial. It does not rest with the public, taking the property, through Congress or the Legislature, its representatives, to say what compensation shall be paid, or even what shall be the rule of compensation. The Constitution has declared that just compensation shall be paid, and the ascertainment of that is a judicial inquiry. See, also, 3 Dillon, Mun. Corp. sec. 1055; 3 Fletcher, Ency., sec. 1506; *Ex parte Martin*, 13 Ark. 198.

In addition to the above cases of our own court, learned counsel for appellant cite many other decisions of this court holding that it is within the power of the Legislature in matters that are purely administrative or ministerial to constitute a board or tribunal for determining such issues and making the finding of such tribunal conclusive; and also cases in which we have held that, in certain summary proceedings in the courts, it is within the province of the Legislature to confer upon the courts the right to determine certain issues without the intervention of a jury. But this court has never held that the issues as to the value of land and compensation to be paid to the owner for the condemnation and taking thereof is a legislative question and that such power can be lodged in any tribunal other than the courts. In *Missouri Pacific Ry. Co.* v. *Conway Bridge District*, 134 Ark. 292, we said: "The circuit court acts in a judicial, and not an administrative, capacity, and under the Constitution an appeal to this court (the Supreme Court) will

lie from all final judgments and orders of the circuit court. The right of appeal extends to special proceedings."

The act under review makes the finding of the appraisers conclusive as to the value of the property taken, and expressly denies the landowner the right of appeal. This is clearly contrary to the provisions of our Constitution and the decisions construing the same. Our conclusion therefore is that the act is unconstitutional and void.

· The judgment of the trial court was correct, and it is therefore affirmed.

McCULLOCH, C.J., and SMITH, J., dissenting.

### DISSENTING OPINION.

McCULLOCH, C. J. It is the law, beyond dispute, that the ascertainment of compensation for the taking of private property for public use under the power of eminent domain is judicial in its nature. The recognition of this principle of law is so universal that it needs no citation of authority to support it, but the majority have cited and relied on the decisions of the Supreme Court of the United State in *Monongahela Navigation Co.* v. *United States,* 148 U. S. 312. No authorities have been cited in the majority opinion in support of the conclusion they reach that a judicial inquiry necessarily means some form of trial by the established courts of the State. The same court upon which the majority relies, speaking through the same learned judge (Mr. Justice BREWER), said this:

"It is within the power of the State to provide that the amount shall be determined in the first instance by commissioners, subject to an appeal to the courts for trial in the ordinary way; or it may provide that the question shall be settled by a sheriff's jury, as it was constituted at common law, without the presence of a trial judge. These are questions of procedure which do not enter into or form the basis of fundamental right. All that is essential is that in some appropriate way,

before some properly constituted tribunal, inquiry shall be made as to the amount of compensation, and when this has been provided there is that due process of law which is required by the Federal Constitution.'' *Backus* v. *Fort Street Union Depot Co.,* 169 U. S. 557. There are equally clear announcements of the law on this subject by the Supreme Court of the United States in other cases.

In the case of *United States* v. *Jones,* 109 U. S. 513, Mr. Justice FIELD, speaking for the court, said:

''The proceeding for the ascertainment of the value of the property and consequent compensation to be made, is merely an inquisition to establish a particular fact as preliminary to the actual taking; and it may be prosecuted before commissioners or special boards or the courts, with or without the intervention of a jury, as the legislative power may designate. All that is required is that it shall be conducted in some fair and just manner, with opportunity to the owners of the property to present evidence as to its value, and to be heard thereon. Whether the tribunal shall be created directly by an act of Congress, or one already established by the States shall be adopted for the occasion, is a mere matter of legislative discretion.''

It is interesting in this connection to notice the fact that Mr. Justice FIELD delivered the opinion of the Supreme Court of California, while he was the Chief Justice of that State, in the case of *Koppikus* v. *State Capitol Commissioners,* 16 Cal. 248, which involved the validity of a statute authorizing the building of a State capitol building at Sacramento and providing a method of condemnation of property and awarding compensation. The statute provided for the ascertainment of the amount of compensation to the owners of property by the commissioners appointed to act for the State. In upholding that provision the court said:

''The proceeding to ascertain the value of plaintiff's property, and the compensation to be made to him when

taken, is not an action at law; it is an inquisition on the part of the State for the ascertainment of a particular fact, as preliminary to future proceedings, and it is only requisite that it be conducted in some equitable and fair mode, to be provided by law, either with or without the intervention of a jury, opportunity being allowed to the owners or parties interested in the property to present evidence respecting its value, and to be heard thereon.''

The rule of law on this subject has been clearly stated by the text-writers, and an abundance of authority is cited in support of the announced rule. In fact, I am unable to find any authorities to the contrary.

In Lewis' Eminent Domain (vol. 2, p. 927) the statement of the law is as follows:

''In the absence of any special constitutional provision prescribing how compensation shall be ascertained, there is no limitation on the Legislature, except the provision that no man shall be deprived of his property except by due process of law or the law of the land. The Legislature may provide such mode as it sees fit for ascertaining the compensation, provided only that the tribunal is an impartial one and that the parties interested have an opportunity to be heard. A court or judge, with or without a jury, is an impartial tribunal; so are any disinterested men of integrity and fair intelligence forming a committee or board.''

Mr. Elliott in his work on Roads and Streets (vol. 1, sec. 311), in discussing the method of ascertaining compensation for property taken, says:

''The character of the tribunal, including the manner in which its members shall be selected, is a matter to be determined by the Legislature, except where the Constitution directs how the tribunal shall be selected and what its character shall be.''

The following decisions on this subject may be consulted with profit by any one desiring to pursue the inquiry: *Langford* v. *Commissioners of Ramsey County,*

16 Minn. 375; *Ames* v. *Lake Superior & Miss. R. R. Co.,* 21 Minn. 241; *State of Minn.* v. *Rapp,* 39 Minn. 65; *Lafayette* v. *Butner,* 162 Ind. 460; *New Orleans, etc., Rd. Co.* v. *Drake,* 60 Miss. 621; *Kramer* v. *R. R. Co.,* 5 Ohio St. 140; *State* v. *Spencer,* 53 Kan. 653.

In each of the three Minnesota cases cited above, the rule announced by the text-writers as quoted above is clearly stated. In the last of the cases in that court cited above the opinion was delivered by Judge Mitchell, and he said:

"The manner of the exercise of this right (the right of eminent domain) is, except as to compensation, unrestricted by the Constitution, and addresses itself to the Legislature as a question of policy, propriety, or fitness, rather than of power. * * * Neither are they bound to submit the question of compensation incident to the exercise of the right of eminent domain to a judicial tribunal. Provided it be an impartial tribunal, and the property-owner has an opportunity to be heard before it, the Legislature may refer the matter for determination to a jury, a court, a commission, or any other body it may designate."

In the face of these authorities, and without finding any authorities to the contrary, I am unable to agree with the conclusion of the majority that the statute in question is void because it fails to provide for a trial in one of the established courts of the State. The Constitution of this State does not require that all such inquiries shall be submitted to the courts of the State. The only provision in the Constitution in regard to the exercise of the right of eminent domain is that property shall not be taken for public purposes without due compensation. There is no attempt to prescribe the method of ascertaining compensation, and that is, necessarily, left to the will of the Legislature. Nor has it ever been held by this court that judicial power must necessarily be exercised by the established courts in every instance. On the contrary, we have decided that many questions

submitted to other tribunals are judicial or *quasi*-judicial in their nature. For instance, we have held that the various boards created by the Legislature for administrative purposes may, in some instances, act in a judicial or *quasi*-judicial character, and that when so acting their judgments are subject to review. *State* v. *R. R. Commission*, 109 Ark. 100; *Hall* v. *Bledsoe*, 126 Ark. 125. We have also held that a city council may act in a *quasi*-judicial capacity. *Pine Bluff Water & Light Co.* v. *City of Pine Bluff*, 62 Ark. 196. In that case the opinion was written by Judge BATTLE, and he cites many instances of special tribunals acting in a *quasi*-judicial capacity.

The majority seem to be influenced by the fact that there is no provision for appeal in the statute under consideration, and that this leads to the conclusion that the statute is void. It has never been held by any court, so far as I am advised, that a provision for an appeal is essential in order to constitute due process of law within the meaning of the State and Federal Constitutions. The only essentials to "due process of law" are an impartial tribunal and due notice to interested parties and opportunity to be heard. There is nothing in our Constitution which requires that an appeal must lie from all tribunals exercising judicial or *quasi*-judicial functions. The Constitution does contain specific provisions with reference to the right of appeal from each of the established courts, but there is no general provision concerning the right of appeal, and in the cases cited above we held that certiorari would lie to review the judgments of *quasi*-judicial tribunals for the reason that there is no right of appeal.

This decision is, in my judgment, very far-reaching in its effect, and it necessarily follows from it that in every instance where property is damaged or taken for public purposes, be it for roads, or drains, or levees, there must be an ascertainment of the value or damage in an established court having jurisdiction of the subject

matter. I do not believe that such is the law, and I emphatically dissent from the conclusion announced.

I am authorized to say that Mr. Justice Smith shares in the views that I have expressed.